# Donegan *v.* Wade.

*Bill in Equity for Partition of Lands:*

1. *Condition annexed to legacy or devise, forbidding contest of will.* A testator has an undoubted right, in disposing of his property, to provide that any legatee or devise who contests his will, or seeks to set it aside, shall forfeit all interest under it.

2. *Same.*—Where the clause of forfeiture declares that any child who "resists the probate" of the will, "or petitions to break or set it aside," shall forfeit all interest under it, and the property devised or bequeathed to him shall then go to those who have not "opposed" it; a child who, without making himself a party to a contest instituted by another devisee, actively interfered in behalf of the contestant, advising and aiding him, is equally within the prohibition; and his interest under the will is forfeited, although the contest was never brought to a trial, but was abandoned.

3. *Contested probate of will; proof of grounds of contest.*—When the probate of a will is contested, the grounds of contest are required to be filed in writing (Code, § 2317), and become part of the record; and secondary evidence of them can not be received, without proper proof of their loss or destruction, as in case of other writings.

4. *Same; same.*—Such written grounds of contest being matter of record in the Probate Court, and properly deposited there, proof of recent search for them in that office is, generally, a necessary predicate to the introduction of secondary evidence; and without proof of such search, a certificate of the probate judge, attached to a transcript which purports to contain "a full, true and perfect copy of all the proceedings" in the matter of the probate of the will, and which does not include any written grounds of contest, is not sufficient to authorize the admission of secondary evidence thereof.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. H. C. SPEAKE, as special referee, selected by the parties under the provisions of the statute approved February 23d, 1881.—Sess. Acts 1880–1, p. 66.

The bill in this case was filed on the 14th May, 1877, by William H. Donegan, against David Wade, Harriet Wade, and Amanda Wade, the latter being sued individually and as executrix of the last will and testament of David Wade, senior, deceased; and sought a partition of certain lands, of which the complainant claimed an undivided one-third interest, by a purchase at execution sale against said David Wade, the defendant, and which were in the possession of said Amanda Wade, claiming under the will of said David Wade, senior, deceased, who was the father of the defendants. The lands belonged to said David Wade, senior, at the time of his death, which occurred on the 18th May, 1861; and were devised by him, by

the 8th item of his will, to his four children, Amanda, Harriet, David, and Robert, to be equally divided among them. The will was dated February 26th, 1857, and was duly admitted to probate, by the Probate Court of Madison county, on the 16th January, 1862; letters testamentary being duly granted, on the same day, to said Amanda Wade, as sole executrix. Under powers conferred by the will on the executrix, the estate was kept together, and it was admitted that all of the debts had been paid. Robert Wade, one of the devisees under the will, died some time after the testator (but at what time does not appear), intestate, and unmarried. On the 19th May, 1875, the complainant in this suit, as the surviving partner of the firm of Douglass, Donegan & Co., recovered a judgment in an attachment suit, for $3,411, besides costs, against said David Wade, junior; and an execution on this judgment having been levied on said Wade's interest in the lands, the complainant became the purchaser at the sale, and received the sheriff's deed.

An answer to the bill was filed by Amanda Wade, insisting that David Wade had forfeited all his interest in the lands devised by the will, by contesting and opposing the probate thereof, in violation of the 12th item, which is copied in the opinion of the court. An answer was also filed by David Wade to the same effect, as shown by the following statements therein contained: "When said will was presented for probate, in the Probate Court of Madison, respondent joined in the contestation thereof. Objections were filed to the probate of said will, certainly in the name of Margaret Turner, and also, as I believe, in the name of Robert Wade, both of whom were devisees under said will. Respondent aided, assisted and instigated the said Margaret Turner, in contesting the probate of said will; attended the courts while the contest was pending; directed the issuance of subpœnas for witnesses; gave Mrs. Turner $100 to pay her lawyer, and told the lawyer that he would see him paid in full. On this state of facts, and according to the terms of the will, respondent forfeited the devise to him thereunder." His deposition was, also, the same in substance.

The defendants offered in evidence a transcript from the records of the Probate Court of Madison, duly certified by the probate judge to contain "a full, true and perfect copy of all the proceedings in the matter of the probate of the last will and testament of David Wade, deceased, so far as the same appears of record," which showed that the will was propounded for probate on the 13th June, 1861, by Amanda Wade as executrix; that the court thereupon appointed the 8th July for the hearing of the application, and ordered citations to issue to the parties, and subpœnas to witnesses; that the application was regularly continued, from term to term, until the 18th Decem-

[Donegan v. Wade.]

ber, 1861, when, as the minute-entry recites, "the parties came
by their attorneys, and, on the application of the contestants,
they have leave to withdraw their objections to the probate
of the said written instrument, without prejudice to their
right to file a bill in chancery contesting said will," and there-
upon the will was admitted to probate; that in January, 1862,
it was ordered that letters testamentary be granted to the exec-
utrix, she having taken the oath prescribed by law; that on the
5th February, 1862, David Wade and Robert Wade appeared,
and "filed their objections to the qualifications of the said ex-
ecutrix;" that the executrix resigned in March, 1862; and F.
L. Hammond was appointed administrator *cum testamento an-
nexo*.

The defendants also offered in evidence the statement of the
attorney for the proponent on the application for the probate
of the will, which was admitted as his deposition, subject to ob-
jection on account of the inadmissibility of the evidence, as fol-
lows: "I know the fact that the probate of the will was resisted
by Mrs. Turner, a daughter of said testator. In her name ob-
jections were filed to the probate of the will, averring the in-
competency of the testator, and undue influence practiced on
him by said Harriet and Amanda Wade. There were several
continuances of the contest; witnesses were summoned, and
depositions taken by each party. David Wade, a son of the
testator, though not appearing on the record as a contestant,
was active in the contest, seeking to defeat the probate of the
will. He was present on several (if not all) the days set for
the trial of the contest, advising and consulting with the law-
yers engaged for the contestant." The statement of the pro-
bate judge at that time, accepted as his deposition, was to the
same effect. Objections being made by the complainant to
the admissibility of this evidence, the special referee held, that
parol evidence could not be received as to the written grounds
of contest, because no predicate was laid to authorize the intro-
duction of secondary evidence; but that it was admissible, "as
an outside fact," to show that the probate of the will was con-
tested, and that David Wade actively participated in behalf of
the contestant. And on final hearing, on pleadings and proof,
holding this evidence admissible, he dismissed the bill, on the
ground that David Wade had forfeited all interest under the
will. His decree being entered as the decree of the court, this
appeal is prosecuted from it, and it is here assigned as error.

HUMES, GORDON & SHEFFEY, and D. D. SHELBY, for appel-
lant.—On the death of the testator, a one-fourth interest in the
lands vested immediately in each of the devisees.—2 Jarman
on Wills, 5th Amer. ed., 407. The law favors vested estates,

[Donegan v. Wade.]

and, in the construction of conditions subsequent, which operate to defeat interests already vested, requires the very event to happen, or the very act to be done, with all its particulars, which is to have that effect.—Roper on Legacies, 2 Amer ed., 618, 766. This rule is applied with great strictness to clauses or provisions revoking or annulling bequests to any child who shall contest, dispute or litigate the will, or any part of it. *Chew's Appeal*, 45 Penn. St. 228. The clause of forfeiture in this case is limited to the child or children who shall "resist the probate" of the will, "or petition to break or set it aside." The statute prescribes the manner in which the probate of a will may be contested, and the testator must have contemplated a statutory contest.—*Coleman v. Patterson*, 38 Ala. 721; *Blakey v. Blakey*, 33 Ala. 611; *Allen v. Prater*, 35 Ala. 169. David Wade never filed any objections to the probate of the will, and never was a party to the contest; and if it were shown by legal evidence that he expressed his dissatisfaction with the will, and aided or encouraged a contest by another, this would not bring him within the operation of the clause of forfeiture. Nor was there, in legal effect, any contest whatever of the probate, since the proceedings were abandoned, and the will was never brought to the test of a trial. Such dismissal places the parties, and leaves the subject-matter of the suit, in the same condition as if the suit had never been commenced. The purpose of such conditions, respecting the contest of wills, is to prevent litigation; and giving effect to that intention and purpose, the court must allow a *locus penitentiæ*.—*Evanturel v. Evanturel*, L. R. 6, P. C. 1, Canadian appeal, cited in Jarman on Wills, 5th Amer. ed. But the contest of the will could only be proved by record evidence, and no sufficient predicate was laid for the introduction of secondary evidence.—*Preslar v. Stallworth*, 37 Ala. 406; 1 Wharton's Ev. § 63, and cases cited.

L. P. WALKER, *contra.*—The power of a testator to annex a clause of forfeiture to a devise or bequest, as in this case, can not be doubted. Such provisions are intended to prevent litigation and unseemly family quarrels, and they should receive such a construction as will best effectuate that intention. An open contest, by filing written objections, may have been necessary to prevent the probate of the will; but the instigator of the contest, who directed and controlled it, and furnished the means for carrying it on, though he never made himself a party to the record, is, at least, equally guilty with the nominal contestant; and the evil consequences of the contest are the same, whether it is ever brought to a trial or not. To let in the oral evidence, for the purpose for which it was received by the special chancellor, a sufficient predicate was laid by the certificate

of the probate judge, appended to the transcript, which showed that the paper was not on file in his office, where it ought to have been.—1 Wharton's Ev. § 147, note; *Ib.* § 64, note 11.

SOMERVILLE, J.—The construction placed by the referee upon the will of David Wade was clearly correct. The 12th item of this instrument, which gives rise to this suit, is as folfows: "It is my will, that if any one of my children shall *resist* the probate of my will, or *petition to break* or *set it aside*, such child or children shall not have any part of my estate whatever, and the portion intended for such child shall be distributed among those of my children mentioned in item No. 8 who *shall not oppose* my will, in the same way that the balance of my estate is therein directed to be distributed; the child or children *opposing my will* being excluded from any participation therein."

The question here presented is, whether the conduct of David Wade, Jr., constituted such resistance, or opposition to his father's will, as to work a forfeiture of his interest as devisee under the provisions of the above item. The testator possessed the right of disposing of his property as he saw fit, so long as he violated no law or established principle of sound public policy. He could bestow or withhold benefactions, as an attribute of the *jus disponendi*, without regard to considerations of justice, or of caprice. So, he could make such dispositions on conditions precedent or subsequent, not illegal. He chose to attach a ground of forfeiture, which would divest the interest of any one of his children who might seek to resist or oppose his will. It is not denied that this is a legal or valid condition, when attached to a legacy or devise. Its purpose, too, is clear. It was designed to prevent the inauguration or prosecution of a suit or contest in the courts, commenced with the view of defeating the will of the testator as he had seen fit to make it. Such contests often breed irreconcilable family feuds, and lead to disgraceful family exposures. They not unfrequently, too, waste away vast estates, by protracted and extravagant litigation.

It is insisted by appellant's counsel, that, inasmuch as David Wade, Jr., has never contested the will of the testator *in his own name*, the forfeiture declared by the twelfth item can not be enforced against him, or against the appellant, who is his privy in estate. It can not be denied (if we waive, for the present, all exceptions to evidence), that he aided and abetted his sister in the inauguration and prosecution of such a contest; that she opposed the will, so far as to file objections to its probate, and took all the initiatory steps preparatory to a trial of

[Donegan v. Wade.]

the issues on their merits; and that he was even bearing the expenses of the litigation, and advising in its management.

But it is argued, that there was strictly no contest by Mrs. Turner, the sister, because it was never brought to a trial, by reason of its abandonment, and that David Wade, Jr., can not be said to have resisted or opposed the will, within the meaning of the testator, because he never appeared upon the records of the court as such contestant. We do not think this argument is sound. The steps taken by Mrs. Turner constituted opposition to that unlitigated probate or establishment of her father's will, which it was his great care to secure. And the participation of David Wade, Jr., in such contest, was of the same character, however deficient in the candor of open resistance. To relieve him under such circumstances, and, at the same time, to visit her with the penalty of a forfeiture, would be, in effect, to permit the law to place a premium on artifice, and to suffer the just reproach of seeking after the shadow instead of the substance. We see here the very fullest scope for the operation of the principle, *Qui facit per alium, facit per se.*

The court below erred, however, we think, in allowing evidence which was merely secondary to be introduced, of such contest. The statute requires that, in contesting the validity of wills, the grounds of contestation must be alleged in writing. Code of 1876, § 2317. The evidence shows that this was done; and a copy of the record should have been produced, or its loss accounted for, so as to authorize secondary evidence of its contents. The testimony of the probate judge fails to show that any search has been made for the missing paper. It is true that he certifies to the fact, that the transcript contains "a full, true and perfect copy of all the proceedings," in the matter of the probate of the will, "so far as they *appear of record*" in the Probate Court. This general statement is not sufficient. The Probate Court was the proper place of deposit for the paper; and the first presumption would be, that it was there, unless shown to be elsewhere; and it would be sufficient, probably, to show a proper *search* in such office. The negative averment of the fact, derived by implication from the statement of the correctness of the record, is not sufficient. It does not satisfy the requirements of the law, which exacts such a search as to establish a reasonable presumption of the loss of the document or paper.—1 Greenl. Ev. § 558. It must be by one having access to the probable or known place of deposit, and ought, in general, to be recent.—1 Whart. Ev. § 147; *Preslar v. Stallworth,* 37 Ala. 402; *Calhoun v. Thompson,* 56 Ala. 166.

[Swan & Billups v. Lindsey.]

For this error, the decree .of the Chancery Court must be reversed, and the cause remanded.

BRICKELL, C. J., not sitting.