EDITH LUMSDEN *v.* WALTER PAYNE *et al.*

(*Nashville.*   December Term, 1907.)

1. **DEEDS OF CONVEYANCE.** Conveyance for life upon conditions with provision for forfeiture for breach of conditions is valid, creating a base or qualified fee.

  A conveyance of land to one for life, on express condition that such grantee shall keep the premises in repair, pay the taxes and insurance thereon, and pay to the grantor a fixed yearly rental for life, with a provision that, in the event of the failure of the grantee to do either of these things, the grantor may, at his option, declare the conveyance forfeited, and repossess himself of the land, is a valid conveyance of a conditional or qualified fee, and upon breach of the conditions, forfeiture declared and re-entry made, the estate so conveyed is extinguished, and the title reverts to the grantor.

2. **SAME.** Same. Conveyance for life, with remainder over, upon conditions with provisions for forfeiture for breach of condition creates a contingent remainder extinguished by forfeiture of life estate.

  A conveyance of land to one for life, with remainder over in fee to his children, living at his death, and in the event of no children living at that time, to a certain other person, on express condition that the grantee for life shall keep the premises in repair, pay the taxes and insurance thereon, and pay to the grantor a fixed yearly rental for life, with a provision that, in the event of the failure of such grantee to do either of these things, the grantor may at his option, declare the conveyance forfeited, and repossess himself of the land, creates a contingent remainder, depending upon the continued existence of the life estate, and the other contingencies provided for in the deed, and upon breach of the conditions, forfeiture declared, and re-entry made, extinguishing the life estate, the contingent remainder estate ceases to exist.

3.  **CONTINGENT REMAINDERS.**  Existence is dependent upon continuance of precedent estate, when.

Where the particular estate which supports a contingent remainder is destroyed before the remainder vests, the remainder is defeated.

Case cited and approved:  Peck v. Carmichael, 9 Yerg., 326.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

D. F. WILKIN, JAMES CHAMBERLIN, and T. M. STEGER, for complainant.

C. T. BOYD, for defendants.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant, Edith Lumsden, conveyed to the defendant Walter Payne, to hold during his life, with remainder over in fee to his children living at his death, and in the event of no children living at that time to his brother, William Payne, Jr., a certain part of a valuable tract of land situated in Davidson county, Tennessee, upon the express condition that the said Walter Payne should keep the buildings and fences on the lands conveyed in good repair, pay the taxes and insurance thereon at maturity, and pay to her $100 rental per annum during her life, with a provision that,

in the event of failure of the said Walter Payne to do either of these things, the conveyor should have the option to declare the conveyance forfeited and repossess herself of the premises.

Walter Payne accepted the conveyance and took possession of the property conveyed. Afterwards he failed, neglected, and refused to keep the premises in good repair, pay the taxes and insurance at maturity, and the rental of $100 per annum to complainant, and she, exercising the option and power reserved in the conveyance, declared the conveyance void, the estate conveyed forfeited, and entered upon and took possession of the lands, and now holds the same.

Complainant conveyed the other portion of said lands to William Payne, Jr., for life, with remainder to his children living at the time of his death, and in the event of no children to his brother, Jamie Payne. The conveyance contained the same provisions as that to Walter Payne, which were violated, the conveyance declared forfeited, and possession retaken by the conveyor. The two conveyances are in all respects the same, have been alike forfeited, and what is here said and held applies to both of them.

Walter Payne and William Payne, Jr., their children, and the other remaindermen mentioned in the conveyances, are all made parties to this case.

The question for determination is whether the estate in remainder conveyed to the children of Walter and William Payne, Jr., and in the event of failure of

children living at the time they shall die, respectively, to the other parties, continues in existence. It must be held adversely to the remaindermen.

The estate conveyed to the life tenants was a conditional or qualified fee, subject to be destroyed and defeated by their failure, respectively, to comply with the conditions of the conveyances at the option of the conveyor. It is well settled that such conveyances are valid, and that upon breach of the conditions, forfeiture, and re-entry, the estate conveyed is extinguished, and the title to the premises conveyed reverted in all things as before the conveyance. 4 Kent's Com., pp. 121-126; Washburn on Real Property, sec. 939.

The estates in remainder created by these conveyances were contingent remainders, depending upon the continued existence of the estates for life conveyed to Walter Payne and William Payne, Jr., and the other contingencies provided for in the deeds. They rested upon the same title as the estates of the tenants for life. The contingencies upon which the remainders were to become vested did not happen while the estates for life were in existence. They were, therefore, defeated by the forfeiture of the estates for life, the particular estates upon which they were dependent and without which they could not exist. This is in accordance with all the authorities upon this question.

In *Peck* v. *Carmichael*, 9 Yerg., 326, Turley, J., speaking for this court, said: "There is no principle of law better settled than that, if the particular estate which

supports a contingent remainder is destroyed before the remainder vests, the remainder is defeated."

Chancellor Kent says: "If the particular estate be void in its creation, or be defeated afterwards, the remainder created by a conveyance at common law and resting upon the same title will be defeated also, as being in such a case a freehold commencing in the future. The person in remainder cannot take advantage of the condition annexed to the preceding estate. If, therefore, an estate for life be upon condition, and the grantor enters for a breach of that condition and avoids the estate, the remainder over, as we have already seen, will be defeated, because the entry defeats the livery made to the first lessee or feoffee on the creation of the original estate, and the grantor is in of his old estate." 4 Kent's Com., p. 235.

Mr. Washburn, upon this subject, says: "The particular estate and remainder must, as heretofore defined, constitute a continuous ownership in succession to be parts of the same inheritance. They must commence and pass out of the grantor by the same act and at the same time; and if, for any cause, the particular estate is void, or is defeated *ab initio,* as by the entry of the grantor for breach of some condition, it leaves the remainder without support, and this becomes a mere estate commencing *in futuro,* which, if a freehold, fails altogether." 2 Washburn on Real Property, sec. 1547.

It results that estates for life and in remainder created

by the conveyances in question have all been forfeited and defeated by the breaches of the conditions contained in the conveyances, and the complainant is now seized of the same estate in all particulars she held in said premises before said deeds were made and delivered.

The decree of the chancellor so adjudging is affirmed, with costs.