This is an action to recover about five acres of land, the controversy evidently having arisen on account of the draftsman of the plaintiff's deed having copied one line in an old deed 50 poles, instead of 55 poles.
The matters in issue were by consent sent to a referee for trial, and were heard in the Superior Court upon exceptions to the report, and the court, among other things, found the following facts:
"7. That the plaintiff and his father, Ransom Eggers, under whom he claims, have been in open, notorious and continuous possession (86) of the land embraced in the calls last above set forth and under Ransom Eggers' color of title deed for forty years prior to the beginning of this action.
"8. That the proper location of the boundaries in the deed from Ransom Eggers to John C. Eggers (using again the court map) runs from A to B, C, D, E by the birch or mahogany stump to the ironwood at G, and then northward, following the outside of the old fence, to X, the popular stump; thence northwest about 37 poles, where the line calls for 34 poles, to the point 7, where the court finds the hickory to be on the ridge called for in both deeds; then following the dotted line south 45 west 71 or 72 poles to a sugar tree; thence southeast across 80 poles to a water oak, spoken of in the deeds as Spanish oak; thence southeast to the beginning at A."
There was a judgment in favor of the plaintiff, and the defendant appealed.
The findings of fact by the court are conclusive upon us, in the absence of an exception that there is no evidence to support *Page 91 
them (Matthews v. Fry, 143 N.C. 384), and no such exception has been taken to the two findings set out, either one of which establishes the title of the plaintiff and is sufficient to support the judgment, as finding 7 shows an adverse possession in the plaintiff and those under whom he claims for more than forty years, and finding 8 establishes the boundaries of the plaintiff's deed according to his contention, which was the real question in controversy.
Affirmed.
 Cited: Ryan v. Trust Co., 235 N.C. 587. (87)