MARY WHITEHURST ET AL v. MINERVA BRADFORD GOTWALT ET AL.

(Filed 29 April, 1925.)

**Wills—Intent—Public Policy—Provisions Against Contesting Will.**

> There is nothing in the disposition of real estate under a will against public policy or fixed principles of law (to prevent the plain intent of the testator) that those contesting it should not take thereunder and their interests shall "revert" to those who may stand firmly by the testator's wishes; and where the will has been caveated by some of the devisees without good reason, and some of its beneficiaries have remained neutral, those who actively participate in sustaining the will will receive the portion that would otherwise have been taken by the caveators, and those who remained neutral only such interests as were devised to them.

APPEAL by petitioners and several of the respondents from *Devin, J.,* from PASQUOTANK.

Petition for partition, heard upon "facts agreed." From an order declaring and adjusting the interests of the respective parties in the lands ordered to be sold for partition, the petitioners and a number of the respondents appeal.

*Thompson & Wilson and McMullan & Leroy for appellants.*
*Ehringhaus & Hall for appellees.*

STACY, C. J. The case was heard on the evidence submitted and facts agreed, with the stipulation that the court might find further

37—189

facts from the evidence in the case, if necessary to a final determination of the rights of the parties. A jury trial was expressly waived.

On the hearing the interests and rights of the respective parties were properly made to depend: first, upon the validity; and, second, if valid, upon the rightful interpretation of the following clause in the will of D. B. Bradford:

"I do hereby and herein instruct and demand of my executrix, that if any attempt is made on the part of any of the beneficiaries herein named to defeat, nullify, or contest in law or otherwise, the disposition or division of my property as herein made by me, that those so endeavoring to defeat, nullify or contest my wishes as herein expressed, shall not be entitled to the part I have intended for them, and shall only receive the sum of $10 each, and that part or portion of my estate herein set apart for them, shall revert to the other legatees or beneficiaries as may stand firmly by my wishes as herein expressed, and defend the distribution and disposal herein made by me of my property."

The *locus in quo* was devised by the testator to the petitioners and some of the respondents as tenants in common. We deem it unnecessary to set out the precise interest of each, as it would serve no useful purpose, under the view we take of the case.

There was a caveat filed to the will of D. B. Bradford, in which D. B. Fearing, J. B. Fearing, and J. B. Griggs each joined. Upon the issue of *devisavit vel non,* raised thereby, the will was sustained. 183 N. C., 6. His Honor finds as a fact that the caveat was filed without probable cause and that, therefore, all the interests of the caveators in the lands sought to be partitioned were forfeited under the above clause in the testator's will.

It was also found by the court below that the petitioner, Mary Whitehurst, and the respondents, Keith Fearing and Woodson Fearing, neither joined in said caveat proceeding nor assisted the propounders in the defense of the will, but that all remained neutral throughout the contest. Upon this finding it was adjudged that their interests, as devisees, were unaffected by the caveat proceeding.

It was further found as a fact that Minerva I. Gotwalt, Erskine Ehringhaus, Sr., Erskine Ehringhaus, Jr., Camille Ehringhaus Foster, William Ehringhaus, Shelby Ehringhaus Gill, Elizabeth Ehringhaus Johnson and J. B. Culpepper, "legatees or beneficiaries" under the will, stood firmly by the wishes of the testator as therein expressed, and defended the distribution and disposal made therein by him of his property. Upon this finding it was adjudged that the part or portion of the testator's estate set apart by him for the caveators should be divided

equally (per stirpes) among the legatees or beneficiaries who stood firmly by the testator's wishes.

The parties to the present proceeding, therefore, are divided into three classes: (1) "Caveators," whose interests in the lands have been forfeited, under the terms of the will, because of their effort to caveat same in the absence of probable cause for such proceeding; (2) "Neutrals," who take their original interests under the will, unaffected by the caveat proceeding; and (3) "Propounders," who stood firmly by the will, and whose devises are increased by an equal division among them (per stirpes) of the forfeited interests of the caveators.

The caveators and the neutrals appeal, contending (1) that the forfeiture is void; and (2) that, if valid, the forfeited shares of the caveators do not go over to' the propounders, but "revert" to the testator's heirs generally.

First, as to the validity of the forfeiture, it is the doctrine of the English courts that a condition subsequent, where the subject of disposition is personal property, is to be regarded as *in terrorem* only, and that a legacy will not be forfeited by a contest of the will, instituted by the legatee, unless by the terms of the will the legacy be given over to another, or be specifically directed to fall into the residue, upon breach of the condition. But this doctrine has never been applied to devises of real estate. 2 Jarman on Wills, sec. 682. The distinction seems to have crept into the English law from the fact that the ecclesiastical courts early adopted the rule of the civil law which, contrary to the common law, regarded such conditions as *in terrorem* only. Later, the courts of equity followed the ecclesiastical courts with respect to bequests or legacies of personal property, and the common law with respect to devises of land. *Bradford v. Bradford,* 18 Ohio, 546; *Estate of Hite,* 155 Cal., 436, reported and annotated in 17 A. & E. Ann. Cas., 993; *Kitchen v. Ballard,* 220 Pac. (Cal.), 301, 30 A. L. R., 1008.

It is not material to determine in the present proceeding whether, in bequests of personal property, these artificial distinctions would be applied in North Carolina, for the devise in question is one of real estate, and by the clear weight of authority, both in England and in this country, a condition of forfeiture, if the devisee shall dispute the will, is valid in law. *Cooke v. Turner,* 15 M. & W. (Eng.), 735; *Perry v. Rogers,* 114 S. W. (Tex.), 897; *Donegan v. Wade,* 70 Ala., 501; *Hoit v. Hoit,* 42 N. J. Eq., 388; *Thompson v. Gaut,* 14 Lea (Tenn.), 314; 28 R. C. L., 315, and cases there cited.

It is further held that where there exists *probalis causa litigandi,* that is, a probable or plausible ground for the litigation, a condition in a will that a legatee shall forfeit his legacy by contesting the will, is not binding, and under such circumstances a contest does not work a for-

feiture. *Morris v. Burroughs,* 1 Atk. (Eng.), 399; *Powell v. Morgan,* 2 Vern. (Eng.), 90; *In re Friend,* 209 Pa. St., 442; *Smithsonian Inst. v. Meech,* 169 U. S., 398. But here it is found as a fact that no probable cause existed for the filing of the caveat.

It is the duty of the courts to effectuate the intention of the testator, and this is the cardinal principle in the interpretation of wills to which all other rules must bend, unless that intention be contrary to public policy or the settled rules of law. *Witty v. Witty,* 184 N. C., p. 381. No considerations of public policy have been called to our attention, which would seem to require that an heir should contest even the doubtful questions of law or of fact upon which the validity of a devise or a bequest may depend. This is a matter ordinarily affecting only the interests of the immediate parties. Speaking to the question in *Cooke v. Turner, supra,* it was said: "There is no duty on the part of an heir, whether of perfect or imperfect obligation, to contest his ancestor's sanity. It matters not to the State whether the land be enjoyed by the heir or devisee."

There seems to be no precedent in North Carolina bearing directly· on the question, but we see no reason to doubt the soundness of the position assumed by *Judge Redfield* in his work on the Law of Wills (p. 679): "The rule of the English law, as to conditions against disputing the will, annexed to some bequests, seems to be in a most absurd state of confusion. It is held, such a condition is void as to personalty, unless the legacy be given over, in the event of failure to perform the conditions; but that such a condition is entirely valid as to real estate, whether there be any gift over or not. And it is agreed that there is no substantial ground for any distinction in this respect between real and personal estate. Hence, we assume that in this country, any such condition, which is reasonable, as one against disputing one's will surely is, as nothing can be more in conformity to good policy than to prevent litigation, will be held binding and valid."

We perceive no error in the judgment of the Superior Court, holding the condition in question to be valid, and that upon its breach, the part or portion intended for the caveators passed to the propounders, or those who stood firmly by the will. The decisions in *Miller's case,* 159 N. C., 123, and *Yorkley v. Stinson,* 97 N. C., 236, are not at variance with this position, but in support of it.

Nor do we perceive any error in the holding that the "neutrals" should take no part of the forfeited estates originally intended for the caveators. The finding of the court fixes them with an attitude of neutrality when the will was being assailed. The testator provided that those who sought to defeat, nullify or contest his will should not be entitled to the part he had intended for them, but that such part or

portion should "revert," go over, or be limited to those who should stand firmly by his wishes. To hold that the word "revert" means a technical reversion would be, not only to disregard the context, but also to defeat the entire limitation over to the propounders. This would be a strained construction and clearly contrary to the intention of the testator.

A careful and painstaking perusal of the whole record leaves us with the impression that the case has been disposed of according to law.

Affirmed.