GEORGE F. CORL v. BUFORD D. CORL ET AL.

(Filed 11 December, 1935.)

1. **Estates B b—Contingent limitation is not destroyed by forfeiture of life estate.**

   The forfeiture of a life estate will not destroy a contingent limitation over for want of a particular estate to support it, but, under the more modern doctrine, the person to whom the estate is forfeited takes only the interest of the life tenant without disturbing the contingent limitations over.

2. **Wills E d—Contingent limitation over to beneficiary's children held not destroyed by forfeiture of beneficiary's life estate in trust.**

   Testator devised certain land in trust for his son for his life with contingent limitation over to his son's legitimate children him surviving. The will provided that if any beneficiary should contest the will the beneficial interest of such beneficiary should be forfeited and should go to another son in fee simple, discharged from any trust created for such beneficiary. The son first named contested the will, and in the caveat proceedings the validity of the will was upheld. *Held:* The son contesting the will forfeited the life estate created in trust for him, but such forfeiture did not destroy the contingent limitation over to his children, and the son to whom the estate was forfeited did not take a fee simple in the lands forfeited, but only the life estate forfeited free from the trust.

3. **Wills E a—**

   The intent of the testator must prevail in the interpretation of the will unless contrary to public policy or some positive rule of law.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Sink, J.,* at February Term, 1935, of CABARRUS.

Proceeding under Declaratory Judgment Act, ch. 102, Public Laws 1931, to determine effect of contest of will by beneficiary under provision therein providing for forfeiture of caveator's interest.

The facts are these:

1. On 3 January, 1931, M. J. Corl, resident of Cabarrus County, died leaving a last will and testament, the pertinent items of which are as follows:

"Fifth: I give, bequeath, and devise to the Citizens Bank and Trust Company of Concord, N. C., in trust for my son, Buford D. Corl, the following described property, to have and to hold the same for and during the natural life of said Buford D. Corl, and in the event he should marry and have legitimate children, the remainder after his death I will and devise to his said legitimate children in fee simple; but in the event the said Buford D. Corl should die without leaving legitimate children,

then after his death I will and devise said property to his then living nearest blood relatives in fee simple, discharged from any trust. . . ."

(Description of lands not in dispute.)

"Sixth: I give and bequeath to the Citizens Bank and Trust Company of Concord, N. C., in trust for my said son, Buford D. Corl, the sum of five thousand dollars ($5,000.00), said sum to be paid to it in cash after the death of my wife, E. J. Corl. I hereby forgive and release my said son, Buford D. Corl, from the payment of any principal or interest on any notes or accounts which may be due me from him on account of any advancements heretofore made at the time of making this will, which sums amount to about $1,792.80."

"Thirteenth: After the death of my wife, E. J. Corl, all the residue of my property, both real and personal, not used in the cost and expenses in the administration of my estate, and the payment of all inheritance taxes, etc., or used for the support of my said wife, shall be divided into three equal shares, and be distributed as follows, taking into account all future advancements from the date of this will to any of my children so made by me or from my property under my authority or direction, from his or her part or share: (a) One share, I give, bequeath, and devise to my son, George F. Corl, in fee simple. (b) One share, I give, bequeath, and devise to the Citizens Bank and Trust Company of Concord, N. C., in trust for my son, Buford D. Corl. (c) One share, I give, bequeath, and devise to the Cabarrus Bank and Trust Company of Concord, N. C., in trust for my son, J. Banks Corl.

"Fourteenth: If any of my children, grandchildren, or any of the beneficiaries under this will, shall contest the validity of this my last will and testament, or attempt to vacate the same, or alter or change any of the provisions thereof, he, or she, or they, shall thereby forfeit any and all beneficial interest in my estate, and the interest of such person or persons, shall go and I do give, bequeath, and devise his or her interest to my son, George F. Corl, his heirs and assigns in fee simple, discharged from any trust hereinbefore created for his or her benefit."

2. On 14 December, 1932, Buford D. Corl "contested the validity" of his father's will by filing caveat thereto. At the February Term, 1934, this caveat was tried, resulting in verdict and judgment for the propounders and upholding the will.

3. Thereafter, on 14 April, 1934, George F. Corl instituted an action in the Superior Court of Cabarrus County to declare a forfeiture of the beneficial interests of the said Buford D. Corl in his father's estate. This action was tried at the June Term, 1934, resulting in verdict for plaintiff and judgment as follows:

"That the plaintiff George F. Corl is the owner and entitled to the possession of all the beneficial interest of Buford D. Corl under the will

and testament of M. J. Corl, and in the estate of M. J. Corl, discharged from any trust created for the benefit of said Buford D. Corl, together with the cost of this action."

4. The testator's wife mentioned in item thirteen of the will predeceased her husband.

Upon the foregoing facts, it was declared and adjudged in the court below:

"1. That under and by virtue of the will of M. J. Corl, deceased, the plaintiff Geo. F. Corl is vested with an indefeasible title in fee simple in and to the real estate described or referred to in item fifth and item thirteenth (b) of the will of said M. J. Corl, discharged from any trust or remainders.

"2. That Geo. F. Corl is the absolute owner of all cash funds, moneys, and/or other personalty referred to in items fifth, sixth, and thirteenth (b) of the will of M. J. Corl, discharged from any trust."

Defendants appeal, assigning errors.

*Hartsell & Hartsell for plaintiff.*
*Armfield, Sherrin & Barnhardt and Crowell & Crowell for defendants.*

STACY, C. J. Does the forfeiture of all of Buford D. Corl's beneficial interest in his father's estate destroy the contingent interests limited after his life estate? The court below was of opinion that the inquiry should be answered in the affirmative. The law is otherwise. Note, Ann. Cas., 1917A, 902, *et seq.;* 23 R. C. L., 560-561.

True, at the early common law it was said every remainder requires a particular estate to support it, and a contingent remainder must vest during the continuance of the particular estate, or *eo instanti* that it determines. *Power Co. v. Haywood,* 186 N. C., 313, 119 S. E., 500. The determination of the particular estate, therefore, by surrender, merger, tortious alienation, forfeiture or otherwise, prior to the happening of the contingency upon which the remaindermen could take, would defeat the remainder for want of a particular estate to support it. *Bond v. Moore,* 236 Ill., 576; *Lumsden v. Payne,* 120 Tenn., 407, 114 S. W., 483, 21 L. R. A. (N. S.), 605. The rule was of feudal origin, based on the philosophy of feoffment, livery of seizin, etc. 23 R. C. L., 559. But with the invention of intervening estates to trustees to preserve contingent remainders (2 Blk. Com., 172), and later by statute (8 and 9 Vict.), the law of conveyancing underwent quite a change in England, and much of the prior learning on the subject was confined to simple deeds or became obsolete. Fearne on Contingent Remainder, secs. 316-324; Preston on Conveyancing (3d Ed.), 399; 2 Washburn Real Property, 263; 1 Tiffany Real Property, sec. 123; Williams Real Property (6th Ed.), 282. See, also, *Payne v. Sale,* 22 N. C., 455.

In the present case, it will be observed, the testator left all of Buford's interest in trust, and for life only (except the *residuum*), while George was given his outright, absolutely and in fee simple. Evidently the testator regarded George's business sagacity better than Buford's, and subsequent events seem to have justified this estimate. *Whitehurst v. Gotwalt,* 189 N. C., 577, 127 S. E., 582.

So, in providing in item fourteen that all forfeited interests should go to George F. Corl "in fee simple, discharged from any trust," it was not thereby intended to enlarge the forfeited interest, but to strip the interest so forfeited—and only such interest—of any trust and to give it to George, to the extent that such interest was capable of being bequeathed or devised, as his other bequests and devises in the will, absolutely and in fee simple.

In other words, the intention of the testator was to take from any beneficiary who should contest the validity of his will, the interest intended for him or her thereunder, and to give such interest to George, with the added provision that the interest of any contestant should go to his son George, "discharged from any trust hereinbefore created for his or her benefit;" *i.e.,* discharged from any trust previously created in the will for the benefit of any who should contest the validity of the will.

In the interpretation of wills, the intent of the testator is to prevail, unless contrary to public policy or some positive rule of law. *Jolley v. Humphries,* 204 N. C., 672, 169 S. E., 417; *Ellington v. Trust Co.,* 196 N. C., 755, 147 S. E., 286; *McCullen v. Daughtry,* 190 N. C., 215, 129 S. E., 611.

Let the cause be remanded for judgment accordant herewith.

Error.

DEVIN, J., took no part in the consideration or decision of this case.