FLORA GORDY RYAN (MRS. R. G. RYAN) v. WACHOVIA BANK & TRUST COMPANY (HIGH POINT BRANCH), EXECUTOR AND TRUSTEE UNDER THE LAST WILL OF McD. GORDY.

(Filed 21 May, 1952.)

**1. Appeal and Error § 40d—**

> Findings of fact by the trial judge, when authorized by law or consent of the parties, are as conclusive as findings by the jury if there is any competent evidence to support them.

**2. Wills § 43—**

> Where caveator acts in good faith and with probable cause in caveating the will, he is entitled to take a legacy bequeathed him in the instrument notwithstanding a provision therein that any beneficiary taking any action in caveating the will should forfeit any interest thereunder. The forfeiture provision will not be given effect to oust the supervisory power of the courts to determine the issue of *devisavit vel non.*

APPEAL by defendant from *Nettles, J.,* October Term, 1951, of GUIL-FORD (High Point Division).

This is a civil action brought by Flora Gordy Ryan, a devisee under the will of her father, McD. Gordy, against the Wachovia Bank & Trust Company, Executor and Trustee under the will of McD. Gordy, to recover possession of a store building devised to the plaintiff under Article XI of her father's will.

McD. Gordy died 30 November, 1948. On 16 December, 1948, the Wachovia Bank & Trust Company presented for probate a paper writing dated 27 February, 1947, purporting to be the last will and testament of McD. Gordy. This instrument contained a provision in Article XV thereof to the effect that if any objections were made to the probate of the will, or any attempt should be made to revoke the probate thereof, by any of the testator's heirs, next of kin, legatees, devisees, or any beneficiary under the provisions of the will, those who inaugurated, or abetted any such contest should, by reason thereof, forfeit any and all right or interest which he or she might otherwise have under the terms of the will.

On 22 April, 1949, six of the testator's ten children, including the plaintiff in this action, filed a caveat alleging that said paper writing was not the last will and testament of said McD. Gordy for that, (a) his signature to said will was obtained through undue and improper influence and duress; and (b) at the time of the purported execution of said paper writing he was not capable of executing a last will and testament.

The caveat came on for hearing at the January Term, 1950, of the Superior Court of Guilford County, High Point Division. The caveators offered evidence to the effect that the testator was ninety years old when he died; that he was worn out and feeble and could not do any work for several years prior to his death; that at times he could not recognize his children; that for several years prior to his death, when his older children would visit him, Mrs. Crissman and Mrs. Plummer (daughters who are among the chief beneficiaries under the will), would make it a point for one or the other to be present; that these older children during such time never had an opportunity for a private conversation with their father.

The will provided for a trust fund, consisting of a substantial part of the estate, to take care of Mrs. Gordy, the widow of the testator, and an invalid son during their lives. The estate was appraised for inheritance tax purposes for about $232,000. According to its terms, one daughter was to receive $25, the same sum the testator gave to his Negro renters who had been renting from him for twelve months. Another daughter was given $30, and still another only $300. Seven of the testator's ten children testified for the caveators (some of them being among the largest beneficiaries under the will). Upon all the evidence, however, the jury returned a verdict in favor of the propounders.

When the plaintiff filed her complaint in this action, the defendant filed an answer and pleaded the forfeiture clause in the will as a bar to her claim.

When the cause came on for hearing, a jury trial was waived and it was agreed that the court might hear the case upon the record of the caveat proceedings, a transcript of the evidence presented in the caveat proceedings, and an affidavit filed by the plaintiff in the present action.

The court found as a fact that the plaintiff had plausible and probable ground for joining in the contest of the will and acted in good faith in so doing and was not barred by the forfeiture clause, and rendered judgment in favor of the plaintiff. The defendant excepted and appealed to this Court, assigning error.

*Crissman & Bencini and Roberson, Haworth & Reese for defendant, appellant.*

*Frazier & Frazier for plaintiff, appellee.*

DENNY, J. Two questions are presented for consideration and determination. (1) Was the trial judge justified in finding as a fact that the plaintiff had probable cause for caveating her father's will and that in so doing she acted in good faith? (2) Does the finding that a caveator acted in good faith and with probable cause in caveating a will, entitle such caveator to take a legacy thereunder where the instrument contains a no-contest or forfeiture clause?

The first question must be resolved in favor of the plaintiff. Findings of fact by the trial judge, when authorized by law or consent of the parties, are as conclusive as when found by a jury, if there is any competent evidence to support them. There is evidence to support the finding of probable cause and good faith. Hence, such finding is binding on us. *Matthews v. Fry,* 143 N.C. 384, 55 S.E. 787; *Caldwell County v. George,* 176 N.C. 602, 97 S.E. 507; *Eggers v. Stansbury,* 177 N.C. 85, 97 S.E. 619; *Tyer v. Lumber Co.,* 188 N.C. 268, 124 S.E. 305; *Tinker v. Rice Motors, Inc.,* 198 N.C. 73, 150 S.E. 701; *Lumber Co. v. Finance Co.,* 204 N.C. 285, 168 S.E. 219; *Trust Co. v. Lumber Co.,* 221 N.C. 89, 19 S.E. 2d 138; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Radio Station v. Eitel-McCullough,* 232 N.C. 287, 59 S.E. 2d 779.

The second question has not been decided in this jurisdiction unless we consider what was said by way of *dictum* in *Whitehurst v. Gotwalt,* 189 N.C. 577, 127 S.E. 582, as binding on us. In that case, the will involved contained a no-contest or forfeiture clause. A caveat was filed and upon the issue of *devisavit vel non,* raised thereby, the will was sustained. The court found as a fact that the caveat was filed without probable cause and that, therefore, all the interests of the caveators in the land devised

were forfeited under the forfeiture clause in the testator's will. *Stacy, C. J.,* in speaking for the Court, said: ". . . by the clear weight of authority, both in England and in this country, a condition of forfeiture, if the devisee shall dispute the will, is valid in law. *Cooke v. Turner,* 15 M. & W. (Eng.), 735; *Perry v. Rogers,* 114 S.W. (Tex.), 897; *Donegan v. Wade,* 70 Ala. 501; *Hoit v. Hoit,* 42 N. J. Eq. 388; *Thompson v. Gaut,* 14 Lea (Tenn.), 314; 28 R.C.L., 315, and cases there cited.

"It is further held that where there exists *probalis causa litigandi,* that is, a probable or plausible ground for the litigation, a condition in a will that a legatee shall forfeit his legacy by contesting the will, is not binding, and under such circumstances a contest does not work a forfeiture. *Morris v. Burroughs,* 1 Atk. (Eng.), 399; *Powell v. Morgan,* 2 Vern. (Eng.), 90; *In re Friend,* 209 Pa. St., 442; *Smithsonian Inst. v. Meech,* 169 U.S. 398. But here it is found as a fact that no probable cause existed for the filing of the caveat."

In a number of jurisdictions it has been held that a clause in a will providing for forfeiture of the interest of any beneficiary contesting the instrument or its provisions, is valid and enforceable, even though such contest might have been instituted in good faith and with probable cause. *Re Kitchen,* 192 Cal. 384, 220 P. 301, 30 A.L.R. 1008; *Rudd v. Searles,* 262 Mass. 490, 160 N.E. 882, 58 A.L.R. 1548; *Schiffer v. Brenton,* 247 Mich. 512, 226 N.W. 253; *Rossi v. Davis,* 345 Mo. 362, 133 S.W. 2d 363, 125 A.L.R. 1111; *Bender v. Bateman,* 33 Ohio App. 66, 168 N.E. 574; *Barry v. American Security & T. Co.,* 77 App. D. C. 351, 135 F. 2d 470, 146 A.L.R. 1204.

It seems, however, that the weight of authority in this country supports the view that a no-contest or forfeiture clause in a will is subject to the exception that where the contest or other opposition of the beneficiary is made in good faith and with probable cause, such clause is not binding and a forfeiture will not result under such circumstances. *South Norwalk Trust Co. v. St. John,* 92 Conn. 168, 101 A. 961, Ann. Cas. 1918E 1090; *Re Cocklin,* 236 Iowa 98, 17 N.W. 2d 129, 157 A.L.R. 584; *In re Kathan's Will,* 141 N.Y.S. 705; *Wadsworth v. Brigham,* 125 Or. 428, 259 P. 299; *Friend's Estate,* 209 Pa. 442, 58 A. 853, 68 L.R.A. 447; *Rouse v. Branch,* 91 S.C. 111, 74 S.E. 133, 39 L.R.A. (N.S.) 1160, Ann. Cas. 1913E 1296; *Tate v. Camp,* 147 Tenn. 137, 245 S.W. 839, 26 A.L.R. 755; *Calvery v. Calvery,* 122 Tex. 204, 55 S.W. 2d 527; *In re Chappell's Estate,* 127 Wash. 638, 221 P. 336; *Dutterer v. Logan,* 103 W. Va. 216, 137 S.E. 1, 52 A.L.R. 83; *Re Keenan,* 188 Wis. 163, 205 N.W. 1001, 42 A.L.R. 836. In our opinion, these authorities give sound and logical reasons for the adoption of the probable cause rule.

In the case of *South Norwalk Trust Co. v. St. John, supra,* the Court said: "The law prescribes who may make a will and how it shall be made;

that it must be executed in a named mode, by a person having testamentary capacity and acting freely, and not under undue influence. The law is vitally interested in having property transmitted by will under these conditions and none others. Courts cannot know whether a will, good on its face, was made in conformity to statutory requirements, whether the testator was of sound mind, and whether the will was the product of undue influence, unless these matters are presented in court . . . Courts exist to ascertain the truth and to apply it to a given situation, and a right of devolution which enables the testator to shut the door of truth and prevent the observance of the law is a mistaken public policy . . . Where the contest has not been made in good faith, and upon probable cause and reasonable justification, the forfeiture should be given full operative effect. Where the contrary appears, the legatee ought not to forfeit his legacy. He has been engaged in helping the court to ascertain whether the instrument purporting to be the will of the testator is such . . . The effect of broadly interpreting a forfeiture clause as barring all contests on penalty of forfeiture, whether made on probable cause or not, will furnish those who would profit by a will procured by undue influence, or made by one lacking testamentary capacity, with a helpful cover for their wrongful designs."

In *In re Kathan's Will, supra,* the Court said: "We must remember that the statute of wills is a part of the public law, and a condition that an heir shall not be permitted to show testator's want of testamentary capacity, or his other noncompliance with the statute of the state without forfeiting the legacy is . . . contrary to public order and policy . . ."

In the case of *Rouse v. Branch, supra,* the Supreme Court of South Carolina said: "No case has been cited, and we do not believe any can be found, sustaining the proposition that a devisee or legatee shall not have the right, upon probable cause, to show that a will is a forgery, without incurring the penalty of forfeiting the estate given to him by the will. The right of a contestant to institute judicial proceedings upon probable cause to ascertain whether the will was ever executed by the apparent testator is founded upon justice and morality. If a devisee should accept the fruits of the crime of forgery under the belief, and upon probable cause, that it was a forgery, he would thereby become morally a *particeps criminis,* and yet, if he is unwilling to commit this moral crime, he is confronted with the alternative of doing so, or of taking the risk of losing all under the will, in case it should be found not to be a forgery. Public policy forbids that he should be tempted in such a manner."

The Supreme Court of Iowa, in overruling the case of *Moran v. Moran,* 144 Iowa 451, 123 N.W. 202, 30 L.R.A. (N.S.) 898, in the case of *Re Cocklin, supra,* quoted with approval the above statement from the Supreme Court of South Carolina, and then stated: "By the same token,

if a will was executed as the result of fraud, would not a legatee, who knew of the fraud but stood silently by fearing to risk loss of his legacy and accepted the fruits of the fraud, be morally a party to it? Also, a will executed by an incompetent is legally no more his will than if it were forged and a will secured by undue influence is as repugnant to the law as one secured by fraud. Public policy forbids that one should be tempted to let such wills prevail. The administration of justice should not be frustrated in such a manner."

In *Calvery v. Calvery, supra,* the Court said: "The greater weight of authority sustains the rule that a forfeiture of rights, under the terms of a will, will not be enforced where the contest of the will was made in good faith and upon probable cause," citing *Whitehurst v. Gotwalt, supra,* and numerous other decisions.

Those authorities that hold that a clause in a will providing for the forfeiture of the interest of a beneficiary contesting the instrument or its provisions, is valid and enforceable, even though such contest might have been instituted in good faith and with probable cause, adhere to the idea that a failure to enforce the forfeiture would result in thwarting the intention of the testator and would tend to encourage litigation in families. But, if a will has been procured by undue influence or fraud, there is no intent of the purported testator to thwart, sustain, or defeat. *Tate v. Camp, supra.*

In our opinion, a *bona fide* inquiry whether a will was procured through fraud or undue influence, should not be stifled by any prohibition contained in the instrument itself. In fact, our courts should be as accessible for those who in good faith and upon probable cause seek to have the genuineness of a purported will determined, as they are to those who seek to find out the intent of a testator in a will whose genuineness is not questioned.

Forfeiture clauses are usually included in wills to prevent vexatious litigation, but we should not permit such provisions to oust the supervisory power of the courts over such conditions and to control them within their legitimate sphere. *Friend's Estate, supra.*

There is a very great difference between vexatious litigation instituted by a disappointed heir, next of kin, legatee or devisee, without probable cause, and litigation instituted in good faith and with probable cause, which leads the contestant to believe that a purported will is not in fact the will of the purported testator. We think it is better to rely upon our trial courts to ascertain the facts in this respect.

We, therefore, adhere and follow the rule laid down by way of *dictum* in *Whitehurst v. Gotwalt, supra,* not under the doctrine of *stare decisis,* but by reason of its soundness.

The judgment of the court below is

Affirmed.