NANCY E. VAN DERMOOR, Appellant, *v.* WILLIAM VAN DERMOOR,. Respondent.

*Life insurance — effect, upon the widow's right to the moneys due thereunder, of an ante-nuptial agreement.*

A life insurance policy was issued .by a corporation whereby the insurer agreed sixty days after due notice and proof of the death of the assured, during the continuance of the policy, to pay the amount therein stated to the assured, his executors, administrators or assigns, for the benefit of his widow, if any.

The assured was then living with his first wife, who thereafter died, and the assured married again.    On the day preceding the latter marriage, and in contemplation thereof, a marriage contract was entered into between the parties, by the terms of which the assured conveyed to his second wife, in fee, after his decease, in case she should survive him, a house and lot, in consideration of which she covenanted that "the lands and premises so assigned and set apart to her shall be in full satisfaction of her dower, or claim of dower, in his, said Adolph R. Van Dermoor's (the assured's) estate, and shall bar her from claiming any dower, if she shall survive him, after said marriage, and that she will not claim any share or interest in his personal estate, unless the said Adolph R. Van Dermoor shall give her some part thereof by his will or by some act done by him subsequent to the execution of these presents."

Thereafter the assured died, not having by any act done by him subsequent to the execution of the ante-nuptial contract or marriage settlement given his widow any share, interest or portion in or to the policy in question, or the moneys payable thereunder.    The insurance company paid the executor of the assured the amount due on such insurance policy, and an action was thereafter brought by the widow of the assured to recover the amount thereof.

*Held,* that by virtue of the provisions of the insurance policy the widow of the assured was entitled to recover in the action, unless estopped by the covenant contained in the ante-nuptial contract;

That she was not estopped by the ante-nuptial agreement from claiming the amount of the insurance money paid under such policy to the executor of the assured;

That she was entitled to the amount of such money, not by virtue of her right as the widow of the assured to a distributive share in his estate, but as her own property under a contract made by the deceased for her benefit, under which on his death the title to the money at once vested in her and never became a part of his estate.

APPEAL by the plaintiff, Nancy E. Van Dermoor, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 24th day of October, 1893, upon the report of a referee dismissing the plaintiff's complaint upon the merits, with notice of an intention to bring .

up for review on such appeal the said judgment, referee's report and exceptions.

*R. A. Parmenter*, for the appellant.

*Alonzo P. Strong*, for the respondent.

PUTNAM, J.:

This is an appeal by the plaintiff from a judgment of the Supreme Court entered upon the report of a referee dismissing the complaint upon the merits. The action is brought to recover the amount of an insurance policy issued by the New England Life Insurance Company on the 3d day of July, 1867, on the life of one Adolph R. Van Dermoor for the sum of $2,000.

The policy contained the following provision as to the payment of said sum: " And the said company do hereby promise to, and agree, with the said assured, his executors, administrators, and assigns, well and truly to pay the said sum insured to the said assured, his executors, administrators or assigns, sixty days after due notice and proof of the death of the said assured during the continuance and before the determination of this policy, *for the benefit of his widow, if any.*"

The assured was then about fifty years of age, and was living with his first wife, Harriet J., whom he had married in 1843, and who was of about the same age as her husband.

Harriet, the first wife of the assured, died on the 9th day of November, 1881, leaving her surviving said Adolph and certain of their children. On the 26th day of September, 1882, Adolph married the plaintiff in the action. On the day preceding this latter marriage, and in contemplation thereof, a marriage contract was entered into between the parties, by the terms of which the said Adolph R. conveyed to the plaintiff, in fee, after his decease, in case she should survive him, a house and lot in the city of Schenectady, in consideration of which the plaintiff covenanted that " the lands and premises so assigned and set apart to her shall be in full satisfaction of her dower, or claim of dower, in his, said Adolph R. Van Dermoor's estate, and shall bar her from claiming any dower, if she shall survive him, after said marriage ; and that she will not claim any share or interest in his personal estate, unless the said Adolph R.

Van Dermoor shall give her some part thereof by his will, or by some act done by him subsequent to the execution of these presents."

On the 8th day of October, 1885, the said Adolph R. Van Dermoor died, not having by any act done by him subsequent to the execution of the ante-nuptial contract, or marriage settlement, given the plaintiff any share, interest or portion in or to the policy of insurance above mentioned, or in or to the moneys payable or to be paid thereunder.

On the 7th day of January, 1886, the insurance company paid to the defendant, as executor, etc., of deceased, $1,727.69 in full of the amount payable under the policy above mentioned. It is for the recovery of this sum that this action is brought.

I have carefully examined and considered the brief of the learned counsel for the respondent, and the authorities by him cited, but am of the same opinion as that entertained by the learned referee, that by virtue of the provisions of the insurance policy issued to Adolph R. Van Dermoor by the New England Life Insurance Company on the 3d day of July, 1867, plaintiff, as his widow, was entitled to recover in the action, unless estopped by the covenant contained in the ante-nuptial contract. Under the policy the sum insured was to be paid to the deceased, his executors, administrators or assigns "*for the benefit of his widow, if any.*" It was not provided in the policy that such payment should go to any particular person who might become his widow, as, for instance, his wife at that time. The provision was a general one, that the insurance money should be for the benefit of his widow, if any. I think it does not require any discussion to show that plaintiff, by the plain language of the policy, was entitled to the money payable thereunder.

The referee, while holding that plaintiff, as the widow of Adolph R. Van Dermoor, was entitled under the provisions contained in said policy to the money that became due and payable thereunder on his death, finds, however, that she was estopped from claiming the same by the ante-nuptial contract, in which she covenanted and agreed that in case she should survive him she would not claim any share or interest in his personal estate.

Although with some hesitation, I have reached a conclusion different from that arrived at by the referee as to the construction that should be given to this contract.

It was made in contemplation of the marriage of plaintiff with the deceased and of her surviving him, and the personal property referred to therein was not that which was owned by him at the time of making the contract, but the personal property he should have at the time of his death. The question is, did the contract refer to the policy of insurance or to the money payable thereunder after the death of deceased ?

The ante-nuptial contract did not expressly refer to said policy of life insurance. It provided that if plaintiff should survive the said Adolph R. Van Dermoor, from and after his death, she should become seized in fee and the owner of a lot of land described therein. And in that event she covenanted not to claim dower in his real estate or any interest or share in his personal estate. If plaintiff did not survive the said Adolph R. Van Dermoor the agreement should become null and void. The agreement only became operative in case the said Adolph R. Van Dermoor left the plaintiff surviving him, and hence the personal property that plaintiff covenanted not to claim any share or interest in was, as above suggested, such as he left at the time of his death. He had at the time of making the ante-nuptial contract an agreement with an insurance company by which that company insured his life for $2,000, agreeing to pay said sum on his death to his executors, administrators or assigns for the benefit of his widow, if any. In other words, the insurance company had entered into a contract with the said Adolph to pay to his executors, administrators or assigns, when the ante-nuptial agreement should become operative by his death leaving the plaintiff surviving him, the sum of $2,000 for her benefit. This insurance contract was never changed during the lifetime of the insured.

I am unable to see how plaintiff, in claiming the money paid by the insurance company under said policy, is violating her covenant contained in the ante-nuptial contract. She agreed not to demand any interest in the personal property left by the said Adolph at his decease, that is, in the estate that should go to his personal representatives. The money in question never belonged to his estate. It was received by his personal representatives as trustees for the benefit of plaintiff. (*Matter of Van Dermoor*, 42 Hun, 326.)

When the ante-nuptial contract was made plaintiff did not agree to waive the benefit of the insurance contract then in force, made by

deceased for her benefit when the said ante-nuptial contract, by its terms, should become operative. When Adolph R. Van Dermoor died the insurance moneys in question belonged to plaintiff as his widow. She was not estopped by the ante-nuptial agreement from claiming it. That paper referred to the personal property that went to the personal representatives of the deceased as a part of his estate. The insurance money, by the terms of the insurance contract between the company and deceased, at his death went to the plaintiff. She claims it, not by virtue of her right as his widow to a distributive share of his estate, but as her own property under a contract made by deceased, for her benefit, with an insurance company, under which, on his death, the money at once vested in her, and hence never became a part of his estate. In claiming her own property she is not violating the covenant in the contract not to demand any interest in the personal estate left by deceased..

I conclude, therefore, that the judgment should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event.