In the Matter of the Estate of OTTO KIEKEBUSCH, Deceased.

EMIL KIEKEBUSCH, as Executor, Appellant; IDA KIEKE-BUSCH, Respondent.

Will — decedent's estate — bequest to widow in lieu of dower and every claim or demand against testator's estate — notice on same day to insurance company to change beneficiary of policy payable to his widow so as to make same payable to his estate — failure to consummate change by delivery of policy — collection by widow of amount due thereon not a bar to her right to payment of bequest — legacy payable out of personal estate and not a charge against realty.

1. Where a testator made his will bequeathing a sum of money to his widow " in lieu and stead of any and all dower or claim of dower or any interest which she may have or claim to have in my estate and on condition that she accepts this bequest in full for every claim or demand against me or my estate, otherwise this bequest shall be void," and on the same day delivered to an insurance company a signed request that the beneficiary of a policy of insurance on his life, payable to his widow for a like sum as the bequest, be changed and the insurance moneys paid to his estate, but the change was never consummated by delivery of the policy and on his death the amount due was paid to his widow, a contention, on the part of his executor, that she may not receive in addition the bequest under the will, cannot be sustained. The widow's demand for the insurance money constituted a claim against the insurer, not against the testator or the estate. It cannot be inferred that the testator believed that without change of beneficiary the insurance moneys would ever become part of his estate and under such circumstances the court may not give the words " claims against me or my estate " significance wide enough to include a claim as beneficiary upon a policy issued on testator's life.

2. The bequest, however, is payable out of the personal property of testator and is not a charge against his realty. Payment of a legacy out of real property cannot be required unless it was the intention of the testator to make the legacy a charge upon the real estate and in the absence of an express statement in the will intention must be determined from the language of the will read in the light of extrinsic circumstances. Considering the circumstances surrounding the making of the will; the intention existing at that time to

change the beneficiary of the policy and the intention that the bequest should mark the absolute limit of the amount which the widow should receive from the decedent's estate, inference becomes inevitable that the testator had no intention to charge the legacy upon his real property in the event that intention to change the beneficiary of the policy should be frustrated.

*Matter of Kiekebusch,* 216 App. Div. 781, modified.

(Argued December 2, 1926; decided December 31, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 10, 1926, which affirmed a decree of the Erie County Surrogate's Court granting a petition for payment of a legacy. Also appeal from two intermediate orders entered respectively June 30 and September 22, 1925.

*Adelbert Moot, Bertha J. Strootman* and *Henry J. Weisenheimer* for appellant. The widow, Ida Kiekebusch, is not entitled to $5,000, interest and costs, because the bequest is " on condition that she accepts this bequest in full for every claim or demand against me or my estate, otherwise this bequest shall be void." (*Matter of Fowler,* 222 N. Y. 222.) The widow having elected to collect the very insurance claim testator had in mind to pay the legacy, when he made his will containing the conditional legacy to the widow " in full for every claim or demand," she cannot now also collect the legacy, contrary to such condition. (*Beetson* v. *Stoops,* 108 App. Div. 366; 186 N. Y. 463; *Gibbons* v. *Campbell,* 148 N. Y. 410; *Nelson* v. *Brown,* 144 N. Y. 384; *Matter of Tailer,* 147 App. Div. 741; 205 N. Y. 599.) It was error to direct the payment of the $5,000 legacy to Ida, and then to charge it upon the real property. (*Lupton* v. *Lupton,* 2 Johns. Ch. 614; *Bevan* v. *Cooper,* 72 N. Y. 317; *Morris* v. *Sickly,* 133 N. Y. 456; *Fries* v. *Osborn,* 190 N. Y. 35; *Bauman* v. *Steingester,* 213 N. Y. 328.)

*John F. Mueller* for respondent. The acceptance by Ida Kiekebusch of the insurance moneys as beneficiary under the policy of Otto Kiekebusch did not deprive

[244 N. Y. 236]　　Opinion, per Lehman, J.　　[Dec.,

her of her right to the legacy or work any election of remedies. (*Matter of Taylor*, 174 N. Y. Supp. 764; *Van Dermoor* v. *Van Dermoor*, 30 N. Y. Supp. 19.) The court below did not hold the intention of the testator doubtful; and it was lawful to direct the payment of the $5,000 to Ida Kiekebusch, and then to charge it upon the real property. (*Bevan* v. *Cooper*, 72 N. Y. 317; *Morris* v. *Sickly*, 133 N. Y. 456; *Fries* v. *Osborn*, 190 N. Y. 35; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *McCorn* v. *McCorn*, 100 N. Y. 511; *Briggs* v. *Carroll*, 117 N. Y. 288; *Irwin* v. *Tyler*, 188 N. Y. 25.)

Lehman, J. Otto Kiekebusch died in November, 1920, leaving a widow and three children, the issue of an earlier marriage. By his last will and testament he bequeathed the sum of $5,000 to his widow "in lieu and stead of any and all dower or claim of dower or any interest which she may have or claim to have in my estate and on condition that she accepts this bequest in full for every claim or demand against me or my estate, otherwise this bequest shall be void." That bequest has not been paid. The widow has moved in the Surrogate's Court for an order compelling the executor named in the will to account and to pay her the amount bequeathed to her in the will. The surrogate has made a decree which directs the executor to pay to the widow the bequest of $5,000 out of the personal estate of the decedent, and which directs that, if such personal estate is insufficient to pay the legacy, " The same hereby is made a charge upon the real property of said decedent Otto Kiekebusch."

The evidence shows that the testator promised the respondent before his marriage to leave her the sum of $5,000. He had a policy of life insurance for that amount. After his marriage he named the respondent as the beneficiary under the policy and delivered it to her. Shortly before his death he delivered to the insurer a signed request for change of beneficiary so that the insurance moneys should be paid to his estate. He was

informed and understood that the change would not be
made until he delivered the policy to the insurer.   On
the same day he made his will.   Change of beneficiary
under the policy was then inchoate.   It was never con-
summated by delivery of the policy.   There is some evi-
dence that the testator thereafter even withdrew his appli-
cation for such change.   After his death there was litigation
between the widow and the executor as to who was enti-
tled to the moneys payable under the policy.   The dis-
pute was resolved in favor of the widow.   She has received
$5,000 under the policy.   The executor now claims that
she may not receive, in addition, the bequest under the will.

It is said that the testator did not intend that the
widow should receive both the legacy and the amount
payable under the policy.   Perhaps that may be true,
but unless such testamentary intent is expressed in the
will of the testator, the courts may not give it effect.
The will provides that the bequest is made to the widow
in lieu of any " interest that she may have or claim to
have in my estate and on condition that she accepts this
bequest in full for every claim or demand against me
or my estate."   The widow's demand for the insurance
money constituted a claim against the insurer, not against
the testator or the estate.   True, the executor asserted
claim for the same moneys against the insurer.   If that
claim had been sustained it would have defeated the
claim of the widow; yet the claim of the widow against
the insurer did not result in taking moneys or property
from the estate, and was not asserted against it.   The
estate had no right or title to the moneys paid under the
policy, and could have become entitled to receive them
from the insurer only if it had been the beneficiary named
in the policy, or if the rights of the beneficiary had been
assigned or transferred to it.   Doubtless when the testator
made the will he intended to complete the proceedings
for the change of beneficiary which he had initiated.
He anticipated that his wife would be divested of any

right she might have under the policy, but that was to
be accomplished by his own act in changing the bene-
ficiary named in the policy, not by her election to accept
in lieu of moneys payable thereunder a bequest made in
the will.   The election offered by the will was between
bequest and claims she might have which might result in
diminution of the value of the estate which passed to
other legatees.   It cannot be inferred that the testator
believed that without change of beneficiary the insurance
moneys would ever become part of his estate; indeed if
the parol evidence produced by the executor was admis-
sible, it tends to show that the testator understood that
change of beneficiary was necessary before the money
payable under the policy could become part of the estate.
Under such circumstances the court may not give the
words " claims against me or my estate " significance
wide enough to include a claim as beneficiary upon a
policy issued on testator's life.   If the widow obtains
more than the testator desired that she should have,
it is not because the will is given construction not intended
by the testator but because the testator failed to com-
plete the inchoate change of beneficiary.   Our function
is to construe the language of the will.   We may not
speculate why intention to change the beneficiary of the
policy was not carried out nor reframe the language of the
will to effectuate a possible change of testamentary
intent based on change of circumstances after the will
was made.   The widow at the hearing expressly abandoned
right to admeasurement of dower and to payment of a
note for $250 signed by the decedent.   This constituted
compliance with the condition annexed to the bequest.
She had no other claim against the testator or his estate.

The bequest is payable out of the personal property of
the testator.   We cannot find that the testator intended
that if the personal property should prove insufficient,
payment of the bequest should become a charge against
his realty.   Payment of the legacy out of real property

1926.] Dissenting memorandum, per McLaughlin, J. [244 N. Y. 236]

cannot be required unless it was the intention of the testator to make the legacy a charge upon the real estate. He might have stated such intention in the will. In the absence of such express statement we must determine the testator's intention from the language of the will read in the light of extrinsic circumstances. We need not repeat the principles which, in numerous cases, we have held should be applied in determining that intent. (*Carley* v. *Harper*, 219 N. Y. 295.) The fact that the bequest is made in lieu of dower is a circumstance to be considered. (*Briggs* v. *Carroll*, 117 N. Y. 288.) It is not conclusive. All the circumstances must be considered together, each given its proper weight. Here the extrinsic evidence establishes, as we have already pointed out, that the testator when he made the will intended to change the beneficiary named in his life insurance policy. He expected that through such change of beneficiary the estate would at his death receive funds sufficient to pay the legacy even if otherwise his personal estate should be small. He did have some other personal property to meet debts or other payments which the executor might be called upon to make. When we consider the circumstances surrounding the making of the will; the intention existing at that time to change the beneficiary of the policy and the intention that the bequest should mark the absolute limit of the amount which the widow should receive from the decedent's estate, then inference becomes inevitable that the testator had no intention to charge the legacy upon his real property in the event that intention to change the beneficiary of the policy should be frustrated.

The order of the Appellate Division and decree of the surrogate should be modified by striking out the provision making the legacy a charge upon the real estate, and as so modified affirmed, without costs to either party.

McLaughlin, J. (dissenting). I concur in the opinion of Judge Lehman in so far as it holds that the legacy of

$5,000 is not a charge upon, or payable out of, the real estate.

I dissent, however, from the conclusion that the widow is entitled to the $5,000 legacy given to her under the will of the testator. It is perfectly apparent that the testator never intended that his widow should have more than $5,000 in all. This intent is expressed in such a way that it cannot, it seems to me, be misunderstood. The bequest provided that she should have $5,000 and " all household furnishings and equipment including clothing and jewelry " but only conditionally and " in lieu and stead of any and all dower or claim of dower or any interest which she may have or claim to have in my estate and on condition that she accepts this bequest in full *for every claim* or demand *against me or my estate,* otherwise this bequest shall be void."

The executor of the testator's estate made a claim to the proceeds of an insurance policy of $5,000. The widow also made a claim to the same proceeds. The insurance company recognized that the proceeds were payable to one or the other and it thereupon paid the necessary amount into court. When, therefore, the widow undertook to litigate against the executor she was, in fact, making a claim against the testator's estate. Had the insurance company paid the proceeds to the executor and had the widow thereafter claimed such proceeds, can it be seriously questioned but what this would have been a claim against the testator's estate? Had the executor succeeded, after the money had been paid into court, no one, I take it, would then contend but what she had been making a claim against the estate. The litigation was not against the insurance company. The only issue was as to which one of the parties — the widow or the executor — was entitled to the proceeds of the policy. The insurance company recognized its liability and satisfied and discharged the same by paying the money into court. The litigation did involve a claim

1926.]                     Statement of case.                [244 N. Y. 243]

against the estate. If the widow had not insisted upon her claim to the proceeds, after the money had been paid into court, the proceeds would at once have been paid to the executor and would have become a part of the estate of the testator. She has, therefore, been paid all that the testator intended she should receive. To compel the estate to pay the bequest and to permit her to hold the proceeds of the insurance policy is to do precisely what the testator did not intend to do.

Entertaining these views, I am unable to concur to this extent in the opinion of Judge LEHMAN.

HISCOCK, Ch. J., CARDOZO, POUND and ANDREWS, JJ., concur with LEHMAN, J.; MCLAUGHLIN, J., dissents in memorandum in which CRANE, J., concurs.

Ordered accordingly.