CENNA B. HAYWOOD, Plaintiff, *v.* HAROLD B. HAYWOOD, Individually and as Executor, etc., of GEORGE H. HAYWOOD, Deceased, and Others, Defendants.

Supreme Court, Chautauqua County, November 22, 1927.

**Dower — election — plaintiff's husband, by will, gave her proceeds of $5,000 life insurance policy, in which she was named as beneficiary, in lieu of all dower claims — plaintiff collected insurance for her own use after husband's death — acceptance of provision in will was such election within meaning of Real Property Law, § 199, as bars right to admeasurement of dower in husband's estate.**

Plaintiff having accepted a provision contained in her husband's will, executed prior to their marriage, giving her the proceeds of a $5,000 life insurance policy " in lieu of all and every claim for dower " which after his death she collected for her own use, must be deemed to have made such an election, with full

knowledge of the conditions attached, within the meaning of section 199 of the Real Property Law, as bars her from any dower right in her husband's estate, notwithstanding that after the marriage a change of beneficiary was effected in said policy in favor of the plaintiff; therefore, her complaint in this action for admeasurement of dower in the lands of which her husband died seized, must be dismissed.

ACTION for admeasurement of dower.

*William S. Stearns,* for the plaintiff.

*O. A. Ottaway,* for the defendant Harold B. Haywood.

*Ottaway & Munson,* for certain defendants.

*Thomas P. Heffernan* of counsel, for the defendants.

CROSBY, J.   This is an action by plaintiff, widow of George H. Haywood, deceased, for admeasurement of dower in the lands of which her husband died seized.   There are no disputes of fact in the case.   The evidence is all contained in a brief stipulation.

The essential facts that furnish the basis for this controversy are as follows: That plaintiff's husband had a former wife to whom he had made a certain $5,000 life insurance policy payable.   By the terms of said policy he could change the beneficiary at any time; that on October 9, 1922, he executed Exhibit B making plaintiff the beneficiary, describing her therein as " my wife " and reserving the right therein still further to change the beneficiary.   On the same date he executed his will, which has since been probated and in which the paragraph appears: " I give and bequeath, grant and devise unto Cenna B. Haywood, whom I have nominated and appointed beneficiary, the proceeds of a certain life insurance policy, #491121 in the Bankers' Life Insurance Co. for $5000. This bequest is in lieu of all and every claim for dower which she might have in any portion of my estate; " that he married plaintiff five days later, on October 14, 1922; that five days later still, and on October 19, 1922, the insurance company gave its approval to the change of beneficiary and made the necessary indorsements to make the change effectual; that after the death of plaintiff's husband, plaintiff received the policy from the executor of his will and collected the insurance to her own use, after learning of the provision, in her husband's will, which is quoted above; that she received $4,806.79 as the proceeds of said policy.

Upon these facts is plaintiff entitled to dower in her husband's real estate?

Section 200 of the Real Property Law provides as follows: " If real property is devised to a woman, or a pecuniary or other provision is made for her by will in lieu of her dower, she must make her election whether she will take the property so devised, or the

provision so made, or be endowed of the lands of her husband; but she is not entitled to both."

Plaintiff contends that this provision of law does not put her to an election. So far she is clearly right, for she took nothing under the will. She took the proceeds of the life insurance policy under a contract with the insurance company made for her benefit, and she could have collected from the insurance company as easily had no will ever been made, or had it been revoked, or had it been refused probate.

But defendants rely upon section 199 of the Real Property Law, which reads: " If, before the marriage, but without her assent, or, if after the marriage, real property is given or assured for the jointure of a wife, or a pecuniary provision is made for her, in lieu of dower, she must make her election whether she will take the jointure or pecuniary provision, or be endowed of the lands of her husband; but she is not entitled to both."

The meaning of this last quoted section of the Real Property Law is elucidated by the historical review of the law in the court's opinion in *Graham* v. *Graham* (67 Hun, 329).

In the instant case there is no evidence of an antenuptial agreement in relation to dower, or of an agreement in the sense of a contract between the parties, at any time, either before or after marriage. The position of defendants is that plaintiff's husband made a substantial pecuniary provision for her, gave her the most solemn notice (by the terms of his will) that such provision had been made for her, and that it was intended to be in lieu of dower. She did not have to take it. She had every opportunity necessary to inform herself whether the insurance policy or the dower would advantage her most. She was merely called upon to elect. Defendants claim that section 199 of the Real Property Law puts her to that election. (*Jones* v. *Fleming,* 104 N. Y. 418; *Hogg* v. *Lindridge,* 151 App. Div. 513; *Lee* v. *Tower,* 124 N. Y. 370.)

Plaintiff's counsel cites numerous authorities to show that courts are very tender of a widow's right to dower. That is true. He cites numerous other authorities to prove that the plaintiff took her $4,806.79 by virtue of a contract between the insurance company and her husband, acting for her, and that she has claimed and taken nothing under the will. That is granted. (*Van Dermoor* v. *Van Dermoor,* 80 Hun, 107.) He relies mainly upon the authority of *Matter of Kiekebusch* (244 N. Y. 236). That case is not in point. In the *Kiekebusch* case there was an antenuptial agreement to give the wife $5,000. That agreement was fulfilled by the husband's making her beneficiary of a $5,000 life insurance policy. Later he made a will in which he bequeathed her $5,000; and on the

same day he made his will he made written application to the insurance company to change his policy so as to make his estate the beneficiary; but when told that the change could not be made until he also delivered the policy to the company, so that the change could be indorsed thereon, he failed ever to so deliver the policy, and there was evidence that he even withdrew the application for change of beneficiary. Under these circumstances the widow was allowed to collect on both the policy and the legacy.

In the instant case there was no agreement between the husband and wife in regard to dower. He simply made a pecuniary provision for her in lieu of dower which she could accept or refuse as she saw fit. (Real Prop. Law, § 199.) She accepted the pecuniary provision having full knowledge of the conditions attached. I think she has made such an election as bars her from dower.

Her complaint should be dismissed, with costs.