In the Matter of the Estate of SARAH PASTERNACK, Deceased.

Surrogate's Court, New York County, November 23, 1966.

*Joel L. Leef,* general guardian for Morris Jacobson. *Krisel, Lessal & Dowling (Jacob Krisel* of counsel), for petitioner. *Muscio, Camarda & Scibilia* for respondent.

S. Samuel Di Falco, S. This is a petition pursuant to section 217 of the Surrogate's Court Act to compel the payment of a legacy. The petitioner takes 4% of the residuary estate which amounts to about $400,000. All other legatees have received part payment of their shares except the petitioner. She alleges that she is aged, in need of the money and unless $10,000 is paid to her on account of her legacy which will amount to $20,000 it is very unlikely that she will ever enjoy any of the money.

The answer does not controvert these allegations but alleges as a defense that this legatee is not entitled to be paid, by reason of the fact that she violated an *in terrorem* clause in paragraph Sixth of the will which states: " In the event that any of my devisees or legatees herein named shall institute or prosecute any claim or action to contest or set aside this my Last Will and Testament or shall testify adversely to the probate of this instrument, then such bequest, devise or legacy herein given to such person or persons shall be thereby forfeited and annulled and shall revert to and inure to the residue of my estate."

This court in *Matter of Cohn* (N. Y. L. J., Nov. 23, 1965, p. 16, col. 3) treated with *in terrorem* clauses and said: " The New York courts, it is true, have strictly interpreted similar conditions, and have refused to declare a forfeiture where the precise wording of the condition did not take in exactly the particular act or conduct of the legatee. (See Matter of Kierkerbuch, 244 N. Y. 236; 27 Col. L. Rev. 887; Matter of Marshall, 119 Misc. 407; Matter of Smyth, 246 App. Div. 820, affd. 271 N. Y. 623; Matter of Matchette, 183 Misc. 228, 229; Matter of Cronin, 143 Misc. 559, affd. 237 App. Div. 856). This State, however, recognizes the right of a testator to impose upon the acceptance of property which the testator is free to give or to withhold, a condition that the legatee will not involve the estate in litigation. The legatee is not bound to accept the legacy or the condition, but if he does accept the legacy, he must accept also the condition on which it is given."

The answer alleges that petitioner, Bessie Schlanger, violated the condition stated in the will in two respects: first, in that

during the lifetime of Sarah Pasternack, she started proceedings to have the testatrix declared incompetent and secondly that while she did not herself appear as a contestant in the probate proceeding, '' acting in concert and conspiracy with others, [she] attempted to have the will disallowed in violation of the *in terrorem* clause.''

The incompetency proceeding was appealed to the Court of Appeals and was dismissed. (*Matter of Pasternack,* 16 N Y 2d 830.) The purpose of the incompetency proceedings, it is alleged, was to defeat and destroy any will which Sarah Pasternack would make and publish during her lifetime. The court rules that the petitioner's actions in the incompetency proceeding do not constitute a violation of the condition in paragraph Sixth of the will. Whatever the purpose or motive of the parties might have been, the testatrix was still living. Her will had not become operative. The plain meaning of paragraph Sixth is that the condition would become operative and binding only when her will was offered for probate.

With respect to the charge that the petitioner '' acting in concert and in conspiracy with others, attempted to have the will disallowed,'' it appears that Michael Schlanger, the son of petitioner, as a legatee named in a prior will, filed objections to probate of the last will. These objections were subsequently withdrawn by a stipulation placed upon the record. It is alleged that these objections were filed as a result of a '' conspiracy '' between Bessie and her son Michael. On this application, the petitioner contends that she must be paid as a *matter of law*. We must therefore assume that all of the allegations of the answer are true. The executor contends that there must be a hearing in order to give him an opportunity to prove there was such a conspiracy between petitioner and the actual contestant.

The petitioner states in her memorandum that she does '' not question that this is a valid provision under the law. There still remains, however * * * a question of construction of the clause and its application to the facts.'' She argues that the prohibition against instituting a contest, prosecuting a contest, or testifying adversely were not violated, because she did not file objections, did not actively prosecute a contest, and did not testify as a witness. For the purpose of this motion, however, we must assume that she acted in concert and conspiracy with her son and that while he was the nominal party, she was the real contestant. The rule stated in Page on Wills is that '' A beneficiary who procures and obtains another heir to institute proceedings to contest a will, forfeits his interest under such a condition.'' (Bowe Parker Rev., vol. 5, § 44.29, p. 475.) That

rule is supported by a decision in this State (*Matter of Stewart,* 5 N. Y. S. 32) and by decisions in other States. (*Kayhart* v. *Whitehead,* 77 N. J. Eq. 12, affd. 78 N. J. Eq. 580; *Donegan* v. *Wade,* 70 Ala. 501.) In *Matter of Stewart* (*supra*), the legatee did not appear upon the record as a contestant, but, being a party to a secret agreement with other to reimburse the contestant-legatee, she was held to have brought herself within the forfeiture clause under that will. A legatee who acts in concert with another person whereby that other becomes the nominal party contestant while the legatee is the real contestant, is, in effect, instituting and prosecuting a proceeding to defeat the will.

The court must not be understood as assuming that the petitioner actually did what the answer charges. That matter can be determined only after a hearing. The court is merely following the rule that, on a motion for judgment as matter of law, the court must regard the facts alleged in the answer to which the motion is addressed as being admitted, however improbable these allegations may appear. Furthermore, since all facts which can be reasonably inferred from the facts set forth are deemed pleaded, these facts, upon such a motion, are also deemed true (5 Carmody-Wait, New York Practice, § 19, pp. 22–23, and cases cited).

The request for a protective order in the reply affidavit of September 23, 1966 made by petitioner's attorney must, in view of this decision directing a hearing on the issues raised, be denied.