■ In the Matter of the Estate of HOWARD J. FAIRBAIRN, Deceased. BARBARA FAIRBAIRN, as Executor of HOWARD J. FAIRBAIRN, Deceased, Appellant; CAROLYN DESILVA, Respondent. [846 NYS2d 779]—

Mercure, J.P. Appeal from an order of the Surrogate's Court of Delaware County (Becker, S.), entered August 14, 2006, which dismissed petitioner's application to disqualify respondent from taking any part of decedent's estate pursuant to a no contest clause.

In 2002, petitioner, who was decedent's second wife and is executor of his estate, sought to probate decedent's will dated June 1997. Richard Fairbairn, decedent's son from a prior marriage, filed objections to the will, claiming improper execution, lack of testamentary capacity, and undue influence and fraud upon decedent by petitioner. This Court ultimately affirmed a Surrogate's Court order granting petitioner's motion for summary judgment dismissing the objections and admitting the will to probate (*Matter of Fairbairn*, 9 AD3d 579 [2004], *lv denied* 3 NY3d 612 [2004]).* Thereafter, Surrogate's Court determined that a no contest clause in the will excluded Fairbairn from taking any interest thereunder.

Petitioner then commenced this proceeding to invoke the no contest clause against respondent, decedent's daughter. Petitioner asserted that respondent provided two letters to

---

* A more thorough recitation of the facts may be found in our prior decision.

Fairbairn's attorney—one written by respondent in 2003 and another sent to respondent from decedent's accountant in 1993—in support of Fairbairn's objections. Specifically, petitioner claims that the letters characterized her as a "common, dirty, unprincipled woman from a no account family." At the ensuing hearing, respondent testified that she provided the letters in response to a request by Fairbairn's attorney for background information regarding decedent's involvement with petitioner. It is undisputed that the letters were filed in Surrogate's Court in connection with the prior proceeding without respondent's knowledge or consent.

Surrogate's Court ultimately dismissed petitioner's application herein, concluding that petitioner failed to establish that respondent took any actions opposing probate of the will. Petitioner appeals and we now affirm.

The no contest clause in decedent's will provides: "If any beneficiary under this Will shall *in any manner oppose the probate of this Will or any of its provisions in any manner whatsoever*, then in such event any share or interest in my estate given to such beneficiary under this Will shall be hereby revoked and shall be distributed as part of my residuary estate" (emphasis added). It is well settled that such no contest clauses are enforceable, "although not favored and [must be] strictly construed" (*Matter of Ellis*, 252 AD2d 118, 127 [1998], *lv denied* 93 NY2d 805 [1999]; *see* EPTL 3-3.5 [b]). While the clause at issue here is broad, it provided for revocation of a beneficiary's interest only if the beneficiary *opposed* probate of the will or its provisions. It is undisputed, however, that in August 2002, respondent signed a waiver and consent, admitting the validity of the will and consenting to probate and petitioner's appointment as executor. Moreover, there is no evidence to support petitioner's speculative assertion that respondent cooperated with Fairbairn in filing his objections or that the objections were the product of a conspiracy between petitioner and Fairbairn (*cf. Matter of Ellis*, 252 AD2d at 127-128; *Matter of Pasternack*, 52 Misc 2d 413, 415-416 [1966]). In the absence of any evidence of affirmative acts taken by respondent to challenge or oppose the will, we agree with Surrogate's Court that merely sending Fairbairn's attorney two letters—which expressed personal dislike of both petitioner and her motives for marrying decedent but do not address either the validity of the will or petitioner's fitness as executor—was not sufficient to trigger the no contest clause and bar respondent from taking under the will.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.