BENDER *v.* BATEMAN ET AL.

(Decided May 4, 1929.)

*Messrs. Graham & Graham, Mr. Ernest A. Francis,* and *Messrs. Booth, Keating, Pomerene & Boulger,* for plaintiff in error.

*Messrs. O'Neal & Pugh, Mr. George Brown,* and *Mr. Clarence J. Crossland,* for defendants in error.

SHERICK, J. This is an action to contest the will of the testator, William M. Bateman. The facts, as disclosed by the pleadings, are as follows:

The testator died on the 24th day of August, 1926, leaving a will bearing date of March 25, 1922. By the terms of the will the testator's seven children each receive a legacy of $5,000, and the balance of the estate is given to the widow, Mary H. Bateman. The will further provides that any legatee or devisee contesting his will shall be disinherited and shall receive nothing out of the estate. The total amount of the estate is about $2,000,000. The plaintiff in error, Ruth M. Bender, who was the plaintiff below, is a daughter and one of the children of the testator by a former marriage, there being two sets of children. The plaintiff in error is one of seven legatees. On the 20th day of September, 1926, at the instance and request of plaintiff in error, the executors of the estate paid her her legacy of $5,000, and took a receipt therefor. Thereafter the plaintiff in error filed her petition in the court of common pleas of Muskingum county to contest said will. The petition is in the usual short form. The defendants in error filed a motion to dismiss, setting up the forfeiture clause, and attaching the receipt of the plaintiff in error. The plaintiff in error then filed a motion to strike the motion to dismiss from the files, which the court sustained, to which defendants in error excepted. The defendants in error answered, alleging the facts of their motion, and asserting estoppel and want of capacity of the plaintiff to sue. To this answer an amended reply was filed, charg-

ing at length undue influence, and fraud on the part of the widow, Mary H. Bateman, and asserting that thereby the testator's will was not his will, but her will.

Plaintiff in error admits in the amended reply that she has not as yet offered to return her legacy of $5,000, and that she is retaining it, but avers as her reason for so doing that she had "probable, reasonable and just cause to appeal to the court for her just and lawful share of her father's estate and is not, therefore, obliged to tender back said legacy and further augment the estate already acquired by Mary H. Bateman by reason of undue influence exercised by her on said decedent, and by reason of the fraud perpetrated upon him as aforesaid." She further pleads that, "if it should be adjudged that said paper-writing is the last will and testament of said William Bateman, and that if it should be further adjudged that she has no probable, reasonable and just cause for instituting this action, then she is willing, ready and offers to pay back into court her said five thousand dollar legacy, when the court finds there is a gift and devise over of said legacy and determines to whom payment thereof should be made, and orders, decrees and adjudges such payment."

A motion was then made by the defendant executors for judgment on the pleadings. This motion the court sustained. From this judgment error is prosecuted here.

The questions, therefore, before this court are, first: Is that clause of the testator's will disinheriting any legatee or devisee who contests his will valid, or void and against public policy, and, if valid,

has the rule an exception where there is probable and just cause for contest? This question has been previously answered in Ohio, and for a period of sixty years the leading case of *Bradford* v. *Bradford, Exr.,* 19 Ohio St., 546, 2 Am. Rep., 419, has been followed by the bench and bar of this state without interruption or modification. The syllabus thereof is as follows:

"1. A condition in a will whereby the testator excludes any one of his heirs who 'goes to law to break his will' from any part or share of his estate, is valid and binding; and effect will be given to it, as well in respect to bequests of personalty, as to devises of real estate.

"2. A legacy forfeited by the breach of such a condition will pass to the general residuary legatees named in the will, without express words to that effect in the will."

The opinion fully supports the syllabus. We see no reason, or cause, why the same should be modified or disturbed in the instant case. The *Bradford case* is of further interest in that the court had before it the contention that the forfeiture clause was *in terrorem.* This doctrine was repudiated. The court therein also denies the contention of the plaintiff in error of the necessity of a gift over in the case of breach.

It has been strenuously insisted that there is an exception to the general forfeiture rule when the legatee, upon probable cause, and in good faith, contests the will, and that this question has never been passed upon in this state. Perhaps this is true, but we reach the opinion that to recognize such an exception would in fact destroy the rule itself, and

we find that the weight of the authorities recognizes no exception to the rule.

A testator has unquestioned right to attach any condition to his gift which is not violative of law or public policy. The legatee may choose to take the gift with the conditions attached, or reject it. It should be the first duty of a court to guard the intention of the testator, and not to substitute official duress. To permit a disappointed legatee, in many instances profligate, undeserving, mentally deficient, or unskilled in financial matters, or a spendthrift, to first approve his benefactor's will, and receive his legacy and receipt therefor, and then thereafter assert its invalidity, is unjust, inequitable, and unsound. It is the moral, economic rule, and the rule of written law, that one cannot both eat his cake and have it. To place a beneficiary in funds, which he is unwilling to return, and undoubtedly in most instances is unable to do at the end of his contest, is to promote litigation, which in the great majority of cases will result only in the affirmance of the will. But the family skeleton will have been made to dance. Reason and authority prompt that the few should suffer rather than the many, and that no exception to the rule be countenanced.

The second question is: Has the plaintiff in error, by her act of acceptance of her legacy, received and receipted for at her instance and request, and where she does not contend that her consent and acceptance were induced by false and fraudulent representations, and where she was not misled as to the amount of the estate, and where she has not repaid the legacy, and does not now offer or tender it back, but purposely retains it, estopped herself by such acts and lost her capacity to maintain this action?

We answer this question in the affirmative. We believe the rule is well stated in 28 Ruling Case Law, 387, Section 391, which we adopt:

"As a general rule, one who has received a benefit under a will cannot thereafter contest its validity. The rule is founded on the doctrine of election * * * and is subject to the qualification that if the benefit was received without a knowledge of his right to elect between the benefit so conferred and his right to the property outside of the will, or he was induced by fraud or deception to accept the benefit conferred, he can revoke the election and contest the validity of the will. This qualification of the general rule, however, is subject to the further qualification that, as a condition precedent to his right to contest, he must restore the benefit received."

To this general rule we would but add one phrase, "or offer so to do," and, having in mind that the will in question contains a forfeiture clause, we would further add the following statement, taken from 1 Page on Wills (2d Ed.), Section 555:

"The doctrine of estoppel by acceptance of a devise or bequest applies with especial force where the will contains a provision to the effect that anyone who should contest the will should lose his legacy or devise."

The case of *Zinn* v. *Ferris, Exr.*, 8 O. L. R., 237, 27 O. D., N. P., 27, decided in the court of common pleas of Hamilton county in 1910, and affirmed in 15 C. C. (N. S.), 148, 24 C. D., 113, which was affirmed in 88 Ohio St., 555, 106 N. E., 1087, has special application to the cause at bar. This case involved a will containing a forfeiture clause, and the plaintiff legatee received his distributive share

·of the estate. No offer was made to pay back the amounts received under the will, but a contest was begun. To the petition a motion was filed for an order of abatement and dismissal of the action. It was insisted by the contestant that all that was claimed for the motion was a matter of defense, to which the trial court made apt reply:

"Surely if plaintiff has no capacity to sue, this proceeding ought to end. As the case now stands before the court, the facts are undisputed that the plaintiff is a legatee under the terms of the will; that he has treated the executor as the duly authorized executor of the last will and testament of his stepmother, Elizabeth Zinn; and it further appears by the will that an effort on his part to contest the will cuts him off from all rights under the same. If the court holds that he does have the right to contest the will, it is simply decreeing that a legatee under the will can accept all the rights he has under it, after which he may proceed on the theory that he has everything to gain and nothing to lose, and make an effort to destroy the very will under which he had accepted a legacy. It may be said that if this will be set aside, that the share of the plaintiff will be greater than that which he has received, but that does not change the situation, because, if he loses, he would not be authorized to retain that which he has already received.

"In view of the conditions of the will that ·are before the court and of plaintiff's relation thereto, the court holds that this plaintiff has no right to contest said will until he has restored to the estate that part thereof which he has received under the terms of said will. The court further holds that

plaintiff's capacity to sue can be properly determined on the motion that is now before the court in the nature of a plea in abatement.''

In reviewing this case, the Circuit Court of Hamilton county holds in the syllabus:

''Where the question is raised, in an action to contest a will, as to the right of the plaintiff to maintain the action, it is the duty of the court to determine this question before proceeding to submit to the jury the issue as to the validity of the will.''

And upon final review in the Supreme Court, 88 Ohio St., 555, 106 N. E., 1087, there being no written opinion, recourse is had to the following long-hand memorandum of Judge James G. Johnson, appearing on the clerk's file copy of one of the briefs:

''Aff. Accepted under the will. Authorities seem to support the doctrine that an acceptance of a legacy under a will is an election such as to prevent a claim against its validity. I think the rule is stated too strongly in some of the cases, but in this case I think circumstances estopped him.''

It has been asserted that the case of *Kelley* v. *Hazzard,* 96 Ohio St., 19, 117 N. E., 182, abrogates the rules announced in *Bradford* v. *Bradford* and *Zinn* v. *Ferris, supra.* We do not think so. Examination discloses that in the *Hazard case* the will contained no forfeiture clause, and the plaintiff legatee averred that she had been misled by the false representations of the executor concerning the amount of the estate and the condition of her aunt's mind, and was induced thereby to accept her legacy of $800, and would have inherited one-half of the estate had the testatrix died intestate. In the *Hazard case* the contesting legatee tendered back her legacy with in-

terest. The question at issue was, Was the tender back made in time?

It follows that the judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*

LEMERT, P. J., and HOUCK, J., concur.