Bennehoff, J.
The application and the evidence show that there were certain matters upon which the parties had been in disagreement. On March 4, 193'S, these parties decided to settle these differences out of court which practice has always been encouraged by all courts. They met, or at least the widow, fiduciary and her minister met at her home and drew up a contract in which they agreed to do certain things. This contract was carried out by the execution and delivery of a deed from the heirs of Daniel Schubert conveying to the widow the property agreed upon in the contract to be conveyed and the widow then, in order to secure the difference between the price agreed upon and her statutory allowances, together with certain other charges assumed by her, gave her note and mortgage for $736 to the fiduciary in his individual capacity as the personal lender of the money.
Mrs. • Schubert in several transactions of perhaps less importance, in this court, was represented by one of the most able attorneys practicing at this bar. But when she decided to settle once and for all her interest in this estate she called in her minister as her legal adviser and the reason for her abandoning legal for ecclesiastic counsel was not disclosed during the hearings.
Counsel for the applicant contended in argument that it is the duty of this court to stand between her and the heirs or the fiduciary. This is true but this court can only do so when it has had the proper opportunity. Has it had such an opportunity? We do not believe so. This court was not consulted and had no chance to protect her. She by her own act deprived both the court and its officer, her attorney, of any chance to be of benefit to her.
Does this court now have the power to do so? In order to answer this question we must first determine whether *174 we now have jurisdiction. In order for this court to have jurisdiction of any subject matter it must be properly before the court. This does not mean of course that the pleadings only must be in order, with the necessary and proper parties before the court, but the subject matter must be one over which this court has jurisdiction.
Counsel for the applicant has cited, among numerous other sections, Section 10501-53, General Code and calls attention of the court to sub-section 13, which is as follows:
“To direct and control the conduct of fiduciaries and settle their accounts.
“Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.
“The Probate Court shall have plenary power in law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
It is true that the statutes do give jurisdiction to the Probate Court in the settlement of estates, and do give this court certain powers to direct and control the conduct of all fiduciaries. It has the power in equity to right wrongs, correct mistakes, prevent or remedy fraud, in certain instances; order cancellation of mortgages and enter decrees quieting title to real property in real estate' proceedings where such a decree is incidental but perhaps necessary in order to give the purchaser a good title in a sale by a fiduciary. These are equity powers but the power can be used only where the cause is properly before the court. The court does not believe that counsel for the applicant intends to convey the idea that an original action to cancel a mortgage or a deed could be brought in this court and therefore we are unable to see how this widow, however grievously she has been treated, could begin an action here which is tantamount to an original action and one which, as such, could not be brought in this court. Even without the execution, delivery and recording of the deed and mortgage she has shut herself oif from aid by this court when she signed the contract. This court has no inherent equity powers but only such as are conferred upon it by the legislature. This is so well grounded in our jurisprudence that it is not necessary to quote any authorities. However, *175 while this court firmly believes that it should have such jurisdiction, yet the legislature, in its ■ wisdom, has not ..seen fit to grant it.
Counsel for the applicant in his argument abandoned the part of the prayer asking this court to set aside the contract, deed, note and mortgage but asks the court to grant the balance of the prayer, contending that by abandoning this part of the prayer, this court has jurisdiction to grant the balance of the prayer because those things are without question within the jurisdiction of this court.. Of this, there can be no doubt, but where does it leave the parties ? We find that the things which should have been done by each party are ordered done, but like Mark Twain’s homily on the weather, — “Everybody talks about the weather but nobody does anything about it.”
Here both sides will talk about their rights but this widow can do nothing about it because she, of her own free will, signed a contract not to claim any other part of the estate except that which is given her by the contract. It is a settled rule that courts are not required to do useless things and unless this court has power to dispose of the contract, deed, note and mortgage all else is useless.
In the Standard Home & Savings Association Company, et al., v. Jones, et al., 64 Ohio State, page 147, the question arose as to whether or not the Probate Court had a right to set aside a deed of assignment for the benefit of the creditors. It was held in this case that this jurisdiction belonged to the Court of Common Pleas, and not to the Probate Court. The court says on page 158:
“.But there is no statute prescribing that it shall have general equity power to set aside and vacate the deed of assignment; and such equity power is not implied from the power to act under the deed; and certainly no implication can arise from the granting of such power to act under the deed, that the court of common pleas is therefore deprived of its general equity jurisdiction as to setting aside and vacating deeds obtained by fraud.
“It is therefore clear that the Court of Common Pleas has jurisdiction in such cases, and that the Probate Court has no such jurisdiction.”
Consequently, while this court has power to control the conduct of fiduciaries in the administration of estates, the *176 thing complained of must be the result of an act committed or omitted by the fiduciary and not of an act done by the complainant or in which she participated voluntarily.
Therefore in order for the widow to claim her rights she must first proceed in a court of competent jurisdiction and ask for and obtain a cancellation of the contract, deed and mortgage. When this has been done, then her rights may be asserted in this court.
She was in possession of the homestead and has since remained there. She also built, since the filing of this application, a small garage upon a strip of land 8 feet wide which is part of the land claimed by the applicant, in other words, she has accepted all the benefits of her contract. The testimony shows that the applicant did not make any effort to put the fiduciary or the heirs in statu quo ante, which of course must first be done before equity will consider granting her relief.
The counsel for the fiduciary contends that this contract, the execution of the deed and the mortgage in pursuance of the same, estops this widow from now setting up any claim or having any standing in court on the ground that she no longer has such an interest in the estate as to enable her to file any claim or institute any proceeding against the fiduciary. 16 Ohio Jurisprudence under subject of Estoppel in Section 209, on page '854, says:
“A party cannot be permitted to accept ánd retain the benefits of a contract and at the same time repudiate it or reject its burden.” Also Bender v. Bateman, 33 O. App. 66.
With this contention we are in agreement.
It is, therefore, the opinion of this court that Mrs. Schubert cannot now maintain this action in this court against the fiduciary. That until the contract, deed and mortgage are set aside by a court of competent jurisdiction she is bound by her own act and must abide by it. That this court, while it has “plenary power in law and in equity fully to dispose of any matter properly before the court,” does not have such equity jurisdiction that it can do by indirection what it could not do by direction and that neither the procedure nor the end sought are properly before this court. The above grounds are sufficient and it will therefore not be necessary to pass on the other sections of the code cited by counsel.