This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Deborah Andrews has appealed from a judgment of the Summit County Court of Common Pleas, Probate Division. We affirm in part, reverse in part, and remand for further proceedings.
 I
{¶ 2} Eleanor Zofchak ("decedent") died on June 27, 1996, leaving a will disposing of her real and personal property. Three daughters survived her: Appellant, Appellee Nora Modie and Appellee Sandra Borrelli. The will was admitted to probate and recorded on July 22, 1996, and Appellant was named executrix on July 25, 1996. On November 5, 1996, Modie and Borrelli filed exceptions to the inventory of probate assets filed by Appellant. Modie also filed two complaints against Appellant, in her individual capacity, on December 4, 1996: (1) a complaint for declaratory judgment regarding certain transfers decedent executed prior to her death; and (2) a complaint[1] to contest the will claiming lack of testamentary capacity and undue influence.
{¶ 3} Before Modie's declaratory judgment action proceeded to trial, on April 23, 1997, both Modie and Borrelli filed objections to the sale of decedent's mobile home. After the declaratory judgment action was tried before a magistrate on September 22, 1997, the magistrate determined that there was no undue influence exerted by Appellant and held that the transfers were valid inter vivos gifts. Modie filed objections to the magistrate's decision. The trial court overruled Modie's objections and adopted the magistrate's decision. Modie then appealed to this Court, and we affirmed the decision of the trial court. See Modie v. Andrews (July 26, 2000), 9th Dist. No. 19543. The Ohio Supreme Court declined to hear Modie's final appeal on the issue. SeeModie v. Andrews (2000), 90 Ohio St.3d 1473.
{¶ 4} The will contest was held in abeyance until the resolution of appeals taken by Modie in the declaratory judgment action. On April 22, 1998 Modie filed a separate motion to remove the fiduciary, but a hearing on this motion was also continued pending the final resolution of the declaratory judgment action. In May of 1998, Appellant filed a motion for leave to file a counterclaim and crossclaim to Modie's will contest action. The court granted Appellant's motion on February 26, 2001, and she filed a counterclaim and crossclaim against Modie and Borrelli, respectively. In each claim, Appellant asserted that by filing the will contest action, objections to the sale of the decedent's motor home, exceptions to Appellant's inventory of probate assets and a motion to remove the fiduciary, Modie and Borrelli forfeited their interests pursuant to the in terrorem clause[2], or "no contest" provision, contained in the decedent's will.
{¶ 5} Approximately a month before the will contest action went to trial, Modie dismissed her will contest complaint with prejudice pursuant to Civ.R. 41(1)(A). The trial on the counterclaim and crossclaim, however, was held on July 24, 2001. At the close of evidence, the court dismissed the crossclaim against Borrelli[3] and took the counterclaim under advisement. In an order issued on February 27, 2002, it rendered a verdict in favor of Modie on Appellant's counterclaim.
{¶ 6} Appellant has timely appealed the decision of the trial court, asserting one assignment of error.
 II Assignment of Error {¶ 7} "THE TRIAL COURT ERRED BY NOT HONORING DECEDENT'S UNAMBIGUOUS `NO CONTEST' PROVISION."
{¶ 8} In Appellant's sole assignment of error, she has contended that the trial court erred when it dismissed the crossclaim against Borrelli and ruled in favor of Modie on the counterclaim. Specifically, she has argued that by finding there exists a good-faith exception to a "no contest" clause, the trial court "substituted its judgment for [the decedent's] clear `no contest' command, rendering it a nullity."
 A. Appellant's counterclaim
{¶ 9} "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." NationwideMut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. Therefore, in reviewing the trial court's decision finding in favor of Modie on Appellant's counterclaim, this Court must determine if there exists a good-faith exception to in terrorem clauses, which are commonly referred to as "no contest" clauses.[4]
{¶ 10} The Ohio Supreme Court in Bradford v. Bradford (1869),19 Ohio St. 546, squarely addressed the issue of whether "no contest" clauses are valid in Ohio. The plaintiff in Bradford instituted proceedings to contest the decedent's will. The lower court held that the will was valid and, in light of the "no contest" clause contained in the will, concluded that the plaintiff had forfeited all rights to any share of the estate. The "no contest" clause contained in the decedent's will provided that: "Now, if any of my heirs is dissatisfied and goes to law to break this will, then my will is and I direct that they shall have no part of my estate, and I debar them from any part of my estate whatever."Bradford, 19 Ohio St. at 546.
{¶ 11} The plaintiff appealed the lower court's decision, claiming that the "no contest" clause was void in law because it was an in terrorem clause. The plaintiff also claimed that he commenced the action because he believed the will was improperly admitted to probate; when the will was admitted, the probate judge left blanks in the record of the will, which he later filled in so as to correspond with the original. The Ohio Supreme Court, however, affirmed the decision of the lower court:
 {¶ 12} "A condition in a will whereby the testator excludes any one of his heirs who `goes to law to break his will' from any part or share of his estate, is valid and binding; and effect will be given to it, as well in respect to bequests of personalty, as to devises of real estate." Bradford, 19 Ohio St. 546, at paragraph one of the syllabus.
{¶ 13} Since Bradford, courts have noted that the rule of law expressed in Bradford is strict. As a result, few courts have addressed the applicability of a good faith exception to a "no contest" clause. InBender v. Bateman (1929), 33 Ohio App. 66, 69, the court was faced with the question: "Is [the `no-contest'] clause of the testator's will disinheriting any legatee or devisee who contests his will valid, or void and against public policy, and, if valid, has the rule an exception where there is probable and just cause for contest?" The Bateman court, relying on the rule of law announced in Bradford, refused to acknowledge a good-faith exception to "no contest" clauses. The court stated:
 {¶ 14} "It has been strenuously insisted that there is an exception to the general forfeiture rule when the legatee, upon probable cause, and in good faith, contests the will[.] * * * [W]e reach the opinion that to recognize such an exception would in fact destroy the rule itself, and we find that the weight of authorities recognizes no exception to the rule.
 {¶ 15} "A testator has [an] unquestioned right to attach any condition to his gift which is not violative of law or public policy. The legatee may choose to take the gift with the conditions attached, or reject it. It should be the first duty of a court to guard the intention of the testator, and not to substitute official duress." Bender, 33 Ohio App. at 69-70.
{¶ 16} Despite the court's holding in Bender, (the only Ohio case to address the good-faith exception to "no contest" clauses), Modie has urged this Court to adopt the position taken by the Uniform Probate Code[5] ("UPC"), Restatement (Second) of Property, and thirteen other states. Section 2-517 of the UPC provides that "[a] provision in a will purporting to penalize an interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings."
{¶ 17} Modie has also asserted that the modern doctrine in construing "no contest" provisions is that public policy, probable cause, good faith and a variety of other matters should be considered before enforcing such a condition. Modie cites to Moskowitz v. Federman
(1943), 72 Ohio App. 149, a case in which this Court commented in dicta that the modern trend is to allow a good-faith exception. This Court stated:
 {¶ 18} "[T]he more modern doctrine seems to be that public policy, probable cause, good faith, and a variety of other matters, should be considered in connection with the facts of each particular case examined, and that hard and fast rules cannot be pronounced and made applicable to all cases." Moskowitz, 72 Ohio App. at 163.
{¶ 19} Unlike the present case, however, Moskowitz did not involve an action to contest a will. The question before the court in Moskowitz
was whether a beneficiary, who became a defendant after another beneficiary instituted an action for declaratory judgment seeking construction of will provisions, invoked the "no contest" clause because said beneficiary also filed pleadings and cross-petitions to the complaining beneficiary's complaint. We answered the question in the negative, holding:
 {¶ 20} "[W]here heirs and legatees are named parties defendant in an action by another heir or legatee, asking for a declaratory judgment to determine the validity of a clause in a will creating a trust, and in which action two defendants, heirs and legatees, out of many, file cross-petitions and urge the invalidity of certain provisions of the will, thereby alone countering the claims of all other parties that the provisions are valid, such pleading and argument creates the issue for determination by the court, and does not [invoke the no-contest clause of a will]." Id. at 163-64.
{¶ 21} After reviewing our decision in Moskowitz, we find that that case is inapposite to the case at bar, and our language regarding the "modern trend" is simply dicta, which we are not inclined to follow. We agree with the court in Bender, when it reasoned that for a court to acknowledge "such an exception would in fact destroy the rule[6]
itself."(Footnote added.) Bender, 33 Ohio App. at 69. Therefore, we conclude that there is no good faith exception to "no contest" clauses. As such, we find that Modie's will contest action invoked the "no contest" clause, thereby barring Modie from taking under the will in spite of her argument that the action was brought in good faith. Consequently, the trial court erred by finding in favor of Modie on Appellant's counterclaim.[7]
 B. Appellant's crossclaim
{¶ 22} In ruling on Borrelli's oral motion to dismiss Appellant's crossclaim, the trial court weighs the evidence, resolves any conflicts therein, and may render judgment in favor of Borrelli if Appellant has shown no right to relief. See Civ.R. 41(B)(2); Amitron Corp. v.Continental Plants Corp. (2002), 9th Dist. No. 20913, 2002-Ohio-4520, at ¶ 19. If Appellant's evidence is insufficient to sustain her burden in the matter, the trial court may dismiss the case. Id., quoting In reEstate of Fugate (1993), 86 Ohio App.3d 293, 297. As a reviewing court, we will not reverse a dismissal pursuant to Civ.R. 41(B)(2) unless the decision of the trial court is incorrect as a matter of law or is against the manifest weight of the evidence. Id.
{¶ 23} After reviewing the record, we conclude that the trial court properly dismissed Appellant's crossclaim. This conclusion is based on several grounds. First, Borrelli did not initiate the will contest action; she was only named a defendant in the action. Where a beneficiary has not initiated such an action, and has only defended herself by filing pleadings, the "no contest" clause has not been invoked, and the beneficiary does not forfeit her interest. See Moskowitz,72 Ohio App. at 103-104; Kirkbride, 155 Ohio St. 293 at 302.
{¶ 24} Second, Borrelli did not invoke the "no contest" clause when she, along with Modie, filed exceptions to inventory of probate assets and objections to the sale of the mobile home. Filing exceptions to inventory does not constitute a contest to the validity of a will. SeeIn the Matter of the Estate of Riber v. Peters (Oct. 27, 1982), 12th Dist. Nos. 81-CA-27, 81-CA-28, 1982 Ohio App. LEXIS 14339, at *14 (stating that filing exceptions to an account does not contest the validity of a will). In fact, filing exceptions to inventory "is a right which may be exercised separate and apart from a challenge of the validity of the will." Peters, supra, at *14; see R.C. 2115.16. Similarly, filing objections to the sale of the mobile home is also a right separate and apart from a challenge to the validity of the will.
{¶ 25} Furthermore, we agree with the lower court when it reasoned that Appellant, as fiduciary, was subject to the direct control of the probate court pursuant to R.C. 2101.24(A)(1)(m):
 {¶ 26} "Even when seemingly unlimited discretion is granted to a fiduciary to deal with assets of a trust estate as if the fiduciary were the absolute owner of those assets, such broad language does not confer unlimited discretion on the fiduciary but means only that the testator intends that the fiduciary should act reasonably, as required by law, and for the best interest of the trust estate."
{¶ 27} By filing exceptions to inventory, objections to the sale of probate assets, and a motion to remove the fiduciary, Modie and Borrelli were, in effect, asking the probate court to exercise its power of review pursuant to R.C. 2101.24(A)(1)(m). The objections and exceptions filed by Modie and Borrelli only questioned Appellant's conduct as fiduciary and the administration of the estate. The "no contest" clause contained in the decedent's will did not have the effect of placing Appellant's conduct beyond the reach of the probate court. A probate court continues to retain the power to supervise a fiduciary's actions. See R.C. 2101.24(A)(1)(m). This includes the power to review how Appellant disposes of the probate assets, and the court may properly entertain motions concerning Appellant's continuing ability to act as executrix. Accordingly, this Court cannot agree that the dismissal of Appellant's crossclaim was incorrect as a matter of law, or against the manifest weight of the evidence.
 III
{¶ 28} Appellant's sole assignment of error is sustained in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.
SLABY, P.J., BAIRD, J. CONCUR.
[1] Borrelli was also named a defendant in this action.
[2] Item V of decedent's will provides: "If any beneficiary under this WILL in any manner, directly or indirectly, contests or challenges this WILL or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this WILL is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary has predeceased me without issue."
[3] During the trial, Borrelli made an oral motion to dismiss Appellant's crossclaim. The trial court granted her motion, stating: "I'm going to grant the motion, so that counterclaim [sic] is dismissed and the Court will * * * issue an order to that effect, a written order." This Court notes that the trial court mistakenly stated that it was dismissing Appellant's counterclaim. However, after reviewing the transcript of the proceedings, it is clear that the trial court actually dismissed Appellant's crossclaim.
[4] A "no contest" clause is used as a means of denying or limiting the inheritance of a named legatee or devisee if that person attempts to "set aside, break or make invalid" any provision of a will. See Kirkbride v.Hickok (1951), 155 Ohio St. 293, 302.
[5] Ohio has not adopted the position taken by the Uniform Probate Code.
[6] The Bender court refers to the "no contest" clause as the forfeiture rule.
[7] Because we conclude that there is no good-faith exception to "no contest" clauses, we decline to address whether Modie was in violation of the "no contest" clause when she filed the declaratory judgment action, filed objections to the sale of the mobile home, filed exceptions to the inventory, and filed a motion to remove Appellant as executrix.