[Cite as *In re Estate of Reck*, 2022-Ohio-719.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

|  |  |
|---|---|
| IN THE MATTER OF: | : |
| | : |
| THE ESTATE OF ROBERT J. | : |
| RECK | : |
| | : |
| | : |
| | : |
| | : |
| | : |

Appellate Case No. 2021-CA-13

Trial Court Case No. 2021-1-89

(Appeal from Common Pleas
Court – Probate Division)

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2022.

. . . . . . . . . . .

ROBERT J. HUFFMAN, JR., Atty. Reg. No. 0040316, 24 North Short Street, Troy, Ohio 45373
        Attorney for Appellant Robin R. Reck

ROBERT M. HARRELSON, Atty. Reg. No. 0003302 & WILLIAM M. HARRELSON, II, Atty. Reg. No. 0087957, 9 Water Street, Troy, Ohio 45373
        Attorneys for Appellee Gretchen Schmidt

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Appellant Robin R. Reck ("Robin") appeals from a judgment of the Darke County Common Pleas Court, Probate Division, which granted appellee Gretchen Schmidt's motion for summary judgment on Robin's motion to remove Schmidt as executor of their father's estate. Specifically, based on a prior determination that Robin had challenged the validity of a portion of her father's Trust, which, by the terms of the Trust itself, terminated her status as a beneficiary of the Trust, the probate court found that Robin lacked standing to move to remove the executor. Robin filed a timely notice of appeal on October 7, 2021.

{¶ 2} On September 6, 2017, Robert J. Reck ("Robert") executed the Robert J. Reck Trust ("the Trust"). Initially, all five of Robert's children, Robin R. Reck, Robert E. Reck, Gretchen Schmidt, Philip A. Reck, and Alexander R. Reck, were named as successor trustees and contingent beneficiaries of the Trust. However, on June 14, 2019, Robert J. Reck executed an Amendment to the Trust whereby he removed Robin and his sons Robert and Alexander as successor trustees and named Gretchen and Philip as the only successor trustees to the Trust. Notably, all five of the Reck children were still contingent beneficiaries of the Trust.

{¶ 3} The Trust contained an in terrorem (no contest) clause, which stated as follows:

12.05 If any beneficiary under this Trust shall interpose objections to the validity of this Trust, or institute or prosecute or be in any way interested or

instrumental in the institution or prosecution of any action or proceeding for the purpose of setting aside, challenging, contesting, or invalidating any trust which I have created, then I direct that such beneficiary shall receive nothing whatsoever under this Trust, and the bequest or devise made to him or her shall lapse. However, nothing contained in this section shall be construed to prevent my Trustee, or my Trustee's successors, from instituting or bringing any action, suit, or proceeding for the construction or interpretation of my Trust or of any amendment thereto, nor to prevent any beneficiary herein named from disclosing relevant information in a proceeding relating to the construction or administration of this Trust.

Trust p. 12.

{¶ 4} On December 29, 2020, Robin Reck filed a complaint for declaratory judgment challenging the validity of the Amendment and a claim to remove Gretchen and Philip as successor trustees, citing Robert's alleged incapacity as well as alleged undue influence by Gretchen and Philip. (*Robin R. Reck v. Alex Reck et al.*, Darke C.P. No. 20-CV-550). Robin filed the declaratory judgment action in the Darke County Common Pleas Court, General Division ("the common pleas court"). On February 16, 2021, Robert passed away. On March 5, 2021, Robin filed an amended complaint removing Robert's guardian as a party and restating the claims made in her original declaratory

judgment complaint.[1]

{¶ 5} On March 11, 2021, Gretchen was appointed as the executor of Robert's estate. On April 29, 2021, Robin filed a separate motion to remove Gretchen as executor of Robert's estate in the Darke County Probate Court. On July 30, 2021, Gretchen filed motion for leave to file a motion for summary judgment, with the summary judgment motion attached. Robin filed a memorandum in opposition to Gretchen's motion for leave on August 12, 2021. Gretchen filed a reply memorandum on August 12, 2021. On August 27, 2021, Robin filed a response to Gretchen's motion for summary judgment. Gretchen filed a reply memorandum on September 1, 2021.

{¶ 6} On September 1, 2021, the probate court held oral arguments regarding Gretchen's motion for summary judgment. On September 10, 2021, the probate court granted Gretchen's motion for summary judgment; the court held that Robin's act of filing the declaratory judgment complaint in the common pleas court had triggered the application of the in terrorem clause in the Trust, thereby divesting Robin of her status as a beneficiary in the Trust. Therefore, the probate court found that Robin lacked standing to file a motion to remove Gretchen as the executor of Robert's estate based upon the Ohio Supreme Court's decision in *Bradford v. Bradford*, 19 Ohio St. 546 (1869).

{¶ 7} It is from this judgment that Robin now appeals.

{¶ 8} Robin's sole assignment of error is as follows:

---

[1] In a judgment issued on May 21, 2021, the common pleas court found that, as result of Robin's filing the action in Case No. 20-CV-550, which sought revocation of the Amendment to the Trust, "the terms of the *in terrorem* clause are enforceable against Robin J. Reck who is declared to not be entitled to claim proceeds from the trust property." (Italics sic.) Judgment, p. 6-7.

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FINDING THAT AN *IN TERROREM* CLAUSE IN A TRUST AMENDMENT APPLIES TO CHALLENGES TO THE DOCUMENT BASED UPON LACK OF CAPACITY AND/OR UNDUE INFLUENCE.

{¶ 9} Robin contends that the probate court erred when it granted Gretchen's motion for summary judgment and found that Robin lacked standing to file a motion to remove Gretchen as the executor of Robert's estate, because Robin had triggered the in terrorem clause in the Trust. Specifically, Robin argues that, before enforcing the in terrorem clause, the probate court should have considered whether a "public policy" or "good faith" exception applied, since she had alleged that the Amendment to the Trust was procured as a result of undue influence and/or lack of testamentary capacity. In support of her argument, Robin cites R.C. 5804.06, which states that "[a] trust is void to the extent its creation was induced by fraud, duress, or undue influence." Robin also cites R.C. 5817.10, which states in pertinent part:

(B)(1) The court shall declare the trust valid if it finds all of the following:

(a) The trust meets the requirements of section 5804.02 of the Revised Code.

(b) The settlor had the legal capacity to enter into and establish the trust, was free from undue influence, and was not under restraint or duress.

(c) The execution of the trust was not the result of fraud or mistake.

(2) Unless the trust is modified or revoked after the court's declaration, the trust has full legal effect.

{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Perrin v. Cincinnati Ins. Co.*, 2020-Ohio-1405, 153 N.E.3d 832, ¶ 29 (2d Dist.).

{¶ 11} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 12} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should

have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 13} In *Bradford*, 19 Ohio St. 546, the plaintiff instituted proceedings to contest a decedent's will. The trial court held that the will was valid and that, in light of the "no contest" clause contained in the will, the plaintiff had forfeited all rights to any share of the estate. The "no contest" clause contained in the decedent's will provided that: "Now, if any of my heirs is dissatisfied and goes to law to break this will, then my will is and I direct that they shall have no part of my estate, and I debar them from any part of my estate whatever." *Id.* at 546.

{¶ 14} The plaintiff appealed the trial court's decision, claiming that the "no contest" clause was void in law because it was an in terrorem clause. The plaintiff also claimed that he had commenced the action because he believed the will had been improperly admitted to probate; when the will was admitted, the probate judge left blanks in the record of the will, which he later filled in so as to correspond with the original. The Ohio Supreme Court, however, affirmed the decision of the trial court, holding:

> A condition in a will whereby the testator excludes any one of his heirs who "goes to law to break his will" from any part or share of his estate, is valid and binding; and effect will be given to it, as well in respect to bequests of personalty, as to devises of real estate.

*Id.* at paragraph one of the syllabus.

{¶ 15} Since *Bradford*, courts have noted that the rule of law expressed in *Bradford*

is strict. As a result, few courts have addressed the applicability of a good-faith exception to a "no contest" clause. *Modie v. Andrews,* 9th Dist. Summit No. C.A. 21029, 2002-Ohio-5765, ¶ 14. *Modie* addressed *Bender v. Bateman*, 33 Ohio App. 66, 69, 168 N.E. 574 (5th Dist.1929), in which the court addressed whether "[the 'no-contest'] clause of the testator's will disinheriting any legatee or devisee who contests his will [was] valid, or void and against public policy, and, if valid, has the rule an exception where there is probable and just cause for contest?" *Modie* concluded that *Bateman*, relying on the Ohio Supreme Court's holding in *Bradford*, had "refused to acknowledge a good-faith exception to 'no contest' clauses." Quoting *Bateman*, *Modie* stated:

> "It has been strenuously insisted that there is an exception to the general forfeiture rule when the legatee, upon probable cause, and in good faith, contests the will[.] * * * [W]e reach the opinion that to recognize such an exception would in fact destroy the rule itself, and we find that the weight of authorities recognizes no exception to the rule.
>
> "A testator has [an] unquestioned right to attach any condition to his gift which is not violative of law or public policy. The legatee may choose to take the gift with the conditions attached, or reject it. It should be the first duty of a court to guard the intention of the testator, and not to substitute official duress." *Bender*, 33 Ohio App. at 69-70, 168 N.E. 574.

*Modie* at ¶ 15-16, quoting *Bateman*.

{¶ 16} As previously stated, Robin argues that, before enforcing an in terrorem clause, the court should consider whether a "public policy" or "good faith" exception

applies, because she has alleged that the Amendment to the Trust was procured as a result of undue influence and/or lack of testamentary capacity. Robin has provided no case law to support her position.

{¶ 17} In *Modie*, the plaintiff filed an action to contest her mother's will. The will admitted to probate contained an in terrorem clause. The defendant argued that by filing the will contest action, objections to the sale of the decedent's motor home, exceptions to the defendant's inventory of probate assets, and a motion to remove the fiduciary, the plaintiff had forfeited her interests pursuant to the in terrorem clause contained in the decedent's will. *Id.* at ¶ 4. The trial court ruled in favor of the plaintiff, holding that the in terrorem clause did not act to bar her will contest action.

{¶ 18} On appeal, the appellate court held:

> * * * We agree with the court in *Bender*, when it reasoned that for a court to acknowledge "such an exception would in fact destroy the rule itself." * * * *Bender*, 33 Ohio App. at 69, 168 N.E. 574. Therefore, we conclude that there is no good-faith exception to "no contest" clauses. As such, we find that Modie's will contest action invoked the "no contest" clause, thereby barring Modie from taking under the will in spite of her argument that the action was brought in good faith. Consequently, the trial court erred by finding in favor of Modie on Appellant's counterclaim.

*Id.* at ¶ 22; *see also Foelsch v. Farson*, 3d Dist. Knox No. 19CA000036, 2020-Ohio-1259, ¶ 45 ("We find the trial court correctly concluded Appellant initiated and maintained causes of action directly attacking and attempting to invalidate the trust and its

amendments, thereby invoking the forfeiture clause.").

{¶ 19} It is undisputed that on December 29, 2020, Robin filed a complaint for declaratory judgment in the common pleas court challenging the validity of the Amendment and a claim to remove Gretchen and Philip as successor trustees (Case No. 20-CV-550). On March 5, 2021, Robin then filed an amended complaint removing Robert's guardian as a party and restating the claims made in her original declaratory judgment complaint. Robin's act of filing the declaratory judgment complaint in the trial court triggered the application of the in terrorem clause in the Trust, thereby divesting her of her status as a beneficiary of the Trust.

{¶ 20} Lack of standing challenges the legal capacity of a party to bring an action or to continue to prosecute an action. *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 178, 298 N.E.2d 515 (1973). In an action contesting the validity of a will, R.C. 2107.71 requires that the party challenging the will be "a person interested" in the will. Several courts have defined "interested" as a person who has a "direct, pecuniary interest" in the estate. *See In re Guardianship of Dougherty*, 63 Ohio App.3d 289, 291, 578 N.E.2d 832 (2d Dist.1989); *In re Estate of Matusoff*, 10 Ohio App.2d 113, 226 N.E.2d 140 (2d Dist.1965). A party who is not a beneficiary of the decedent's estate can make no showing that he or she has any direct pecuniary interest in the estate. *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 109810, 2021-Ohio-1408, ¶ 16.

{¶ 21} In an analogous situation, a sibling who was not a current beneficiary of a trust was found not to have standing to bring an action to remove a trustee pursuant to R.C. 5807.06(A). *See Papps v. Karras*, 6th Dist. Lucas No. L-14-1246, 2015-Ohio-1055,

¶ 11 ("R.C. 5807.06(A) provides: 'The settlor, a co-trustee, or a beneficiary may request the court to remove a trustee, or the court may remove a trustee on its own initiative.' The trial court examined appellant's interest in the trust and concluded that appellant was not a beneficiary under R.C. 5807.06(A).").

{¶ 22} Here, once the in terrorem clause was triggered by Robin's act of filing the declaratory judgment complaint, she was divested of her status as a beneficiary of Robert's Trust, and she no longer possessed a pecuniary interest in the Trust. With no pecuniary interest in the Trust, Robin lacked standing to file a motion in the probate court to remove Gretchen as the executor of the estate. Accordingly, the probate court did not err when it granted Gretchen's motion for summary judgment. While we are aware that the strict application of an in terrorem may act to unfairly deprive a litigant of an adequate remedy at law, the Ohio Supreme Court's holding in *Bradford* and its progeny is clear, namely that no contest clauses are to be strictly construed against those wishing to challenge a will or trust.

{¶ 23} Robin's assignment of error is overruled.

{¶ 24} The judgment of the probate court is affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and LEWIS, J., concur.


Copies sent to:

Robert J. Huffman, Jr.
Robert M. Harrelson
William M. Harrelson, II
Jose M. Lopez
T. Andrew Vollmar
Hon. Jason Aslinger